(5 App. Div. 412.)

PEOPLE ex rel. HABERMAN et al. v. JAMES et al.

(Supreme Court, Appellate Division, First Department. May 22, 1896.)

1. CORPORATIONS—USURPING FRANCHISE—ACTION TO RESTRAIN.
    When an action is brought to restrain persons from unlawfully acting as a corporation, or from exercising the rights, privileges, or franchises of a corporation (Code Civ. Proc. § 1948, subd. 3), the corporation is not a necessary or proper party defendant, as the purpose of the action is to restrain individuals from acting as a corporation, and a judgment in favor of plaintiff would involve a finding that there is no corporation, or that no corporate rights are exercised which have not been granted by law.

2. SAME—QUESTIONS INVOLVED.
    In such case the question to be determined is one of fact, merely whether corporate powers exist, and not whether an existing corporation should be dissolved, or corporate powers taken away.

3. SAME—REINCORPORATION—CHANGE OF BUSINESS.
    Laws 1892, c. 691 (Business Corporation Law), § 4, provides that any corporation may reincorporate on filing a certificate which shall contain the statement required by section 2, and that from the time of such filing "it shall have and exercise all such rights and franchises as it had and exercised under the laws pursuant to which it was originally incorporated"; but no provision is made for extending the term of its corporate existence, or for changing its business. Section 2 provides that a certificate of incorporation shall state the object for which the corporation is formed, and the number of shares of capital stock, and that its duration shall not be more than 50 years. Held, that section 4 does not permit an existing corporation to reincorporate for a period longer than that prescribed by its original charter, or to make a change in its business.

Action by the people, on the relation of Frederick Haberman and others, against David H. James and others. The complaint was dismissed as to defendant Central Stamping Company, and judgment ordered in favor of plaintiff against the other defendants; and plaintiffs and those defendants against whom judgment was ordered move for a new trial on exceptions ordered to be heard by the appellate division in the first instance, pursuant to Code Civ. Proc. § 1000. Denied.

The action was brought under section 1948 of the Code of Civil Procedure, which provides: "The attorney general may maintain an action upon his own information, or upon the complaint of a private person, in either of the following cases: 'First. Against a person who usurps, intrudes into, or unlawfully holds or exercises within the state, a franchise or a public office, civil or military, or an office in a domestic corporation. Second. Against a public officer, civil or military, who has done or suffered an act, which by law, works a forfeiture of his office. Third. Against one or more persons, who act as a corporation within the state, without being duly incorporated; or exercise within the state, any corporate rights, privileges, or franchises not granted to them by the law of the state." The action was evidently brought under the third subdivision of this section. The Central Stamping Company, was originally incorporated under the laws of this state, December 9, 1884. The certificate of incorporation then filed stated: "That the objects for which the company is to be formed are the manufacture and sale of stamped tin, iron, copper, zinc, and other sheet-metal wares; that the amount of the capital stock is to be $500,000; that the number of shares of which the said stock is to consist is to be 500; that the term of the existence of the company is to be ten years." In July, 1894, there was an attempt to reorganize the company under section 4 of the business corporation law of 1892. A certificate was made July 12, 1894, and was filed July 20, 1894, which stated: "The objects for which it [the corporation] was formed and is incorporated are the manufacture and sale of sheet-metal wares, house-furnishing goods, and kindred articles. The amount of the capital stock shall be $500,000, divided into 5,000 shares of $100 each. The number of shares of which the capital stock consists shall be 5,000 shares of $100 each. The duration of the corporation shall be fifty years." The plaintiff alleged that this attempted reorganization of the company was ineffectual, because the provisions of the law necessary to such reorganization were not complied with, and that the corporation ceased to exist at the expiration of the 10 years for which it was originally organized, to wit, December 9, 1894, and this action was not brought until after that date, viz. September 5, 1895. Other allegations were made in the complaint tending to show that the reorganization so attempted would be injurious to the relators, upon whose complaint the action was brought. The relief asked for in the complaint was that the defendants be perpetually enjoined and restricted from transacting the business of the corporation; that such business be wound up, its original charter annulled, the alleged certificate of reorganization be set aside; that the creditors be paid, and that the balance of the assets be distributed among the stockholders; that a receiver be appointed, etc.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

Samuel Untermeyer, Moses Wainman, and Theodore Hancock, for plaintiffs.

Howard Mansfield and Henry A. James, for defendants.

WILLIAMS, J.    If the action is to be regarded merely as one under subdivision 3 of section 1948 of the Code, we are unable to see how the corporation was a necessary or proper party defendant.    Such an action is purely statutory, and is not one against a corporation, but against persons; and the judgment is expressly provided for by section 1955, as follows: "In an action brought as prescribed in subdivision 3 of section 1948 of this act, the final judgment in favor of the plaintiff, must perpetually restrain the defendant, or defendants from the commission or continuance of the act or acts complained of,"—and provision is made for a temporary injunction during the pendency of the action.    The whole

purpose of the action is to restrain persons from acting as a corporation without being incorporated, or from exercising corporate rights, privileges, or franchises not granted to them by law. A judgment in favor of a plaintiff involves the finding that there is no corporation, or that corporate rights, privileges, and franchises are being exercised which have not been granted by law. The plaintiff therefore contends that the life—the existence—of the corporation itself is involved; that the corporation was interested in the event of the action, and was properly made a party, under section 447 of the Code, which provides, "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff," etc. It is claimed that though the judgment in this action would not bind the corporation, if not made a party, still, if in this action the court restrains the officers and stockholders from carrying on the business, the corporation itself would be materially affected. Still, if the corporation is a proper or necessary party defendant in this action, the same would be true in all actions under this subdivision 3 of section 1948, and the legislature, if they intended the corporation should be made a party, would have expressly so provided. The theory of this action is that the corporation originally organized in 1884 had ceased to exist. Its term had expired, and by the expiration of its term alone the corporation had ceased to exist, its terms not having been legally extended; and it is claimed the corporation should be made a party, to the end that, such fact being established, the affairs of the corporation may be closed up, and the assets properly disposed of, in this action. It seems to us, however, that such was not the purpose of this statutory action, and such relief would not be proper in this action, brought in the name of the people, on the relation of stockholders of the corporation. It is undoubtedly true that a corporation, at the end of the term for which it is incorporated, ceases to exist, by virtue of the expiration of its term, merely. No adjudication of a court is necessary to terminate its corporate life. 4 Am. & Eng. Enc. Law, 295; 2 Mor. Priv. Corp. § 1005; People v. Walker, 17 N. Y. 502. If the corporation is not in existence, as the plaintiff claims, it cannot be made a party to any action. It can, as a corporation, do nothing after its corporate existence has ceased. The statute provides that, when its corporate existence terminates, its assets shall be held by the directors as trustees for its creditors and stockholders, with full power to close up its affairs and distribute its assets. Laws 1890, c. 563 (General Corporation Law) §§ 19, 20; Laws 1892, c. 687, § 30. No action then could be maintained, in the name of the people, to close up its business, or to distribute its assets. If any action becomes necessary for that purpose, it may be brought by any creditor or stockholder. It would therefore be manifestly improper that such relief as is asked for by the plaintiff here, as to the closing up of the business of the corporation, should be granted in such an action as this. For these reasons we are of the opinion that the plaintiff's complaint was properly dismissed as

to the corporation (the Central Stamping Company) defendant. We are aware of the case of People v. Flint, 64 Cal. 49, 28 Pac. 495. That case was brought to have it determined that the defendants had usurped, intruded into, and wrongfully held and exercised, a corporate franchise, and that they be. restrained from exercising the same, it being alleged the corporation had not been legally organized. The action was not, however, brought under any provision of the Code of Procedure specially authorizing such an action. The California Code contained no such provision. The defendants demurred to the complaint on the ground that there was a defect of parties defendant, in that the corporation itself was not a party. In the case at bar the corporation was made a party, and moved to dismiss the complaint, as to itself, on the ground that it was not a proper or necessary party to the action brought pursuant to the specific provisions of the Code of Civil Procedure. The demurrer in the California case was sustained, and it was said that the corporation was a necessary party; that it should be heard before any decree should be made affecting its rights; that possibly the very rights of defendants, as individuals, to transact business, or to do any act, might involve the right of the corporation to have the business done, and it had a right to take issue upon the allegation that the individuals enjoined were not its trustees or directors. Whatever the laws of that state may be, we do not think that, under the provisions of our statute authorizing this action, any decree could be granted that this corporation did not exist. As said by the court of appeals in People v. Equity Gaslight Co., 141 N. Y. 237, 36 N. E. 194:

"This section contemplates an action against individuals, and not against corporations."

And in Commercial Bank of Natchez v. State, 6 Smedes & M. 599–616, the court said:

"The remedy now pursued would be equally proper in case authority had been usurped without any act of incorporation, or in case the privileges granted had been exercised without performing conditions precedent; but for such usurpation the proceeding must be against the individuals who have committed the offense, whereas, when a proceeding is instituted for a forfeiture of a charter, it must be against the corporation."

The only necessity or propriety of making the corporation a party to this action is that the relief prayed for may be granted when it shall have been decreed that the corporate existence has terminated, namely, the closing up of the business and the disposition of the assets through a receiver; and, as we have already seen, no such relief can be had in this form of action. This seems to be assumed by the court in the California case, even where the action was not one provided for by the statute. The court there say:

"It is well to say, to prevent any misconception, that if, on a new trial, after the alleged corporation has been made a party, it should be adjudged that it had never been legally a corporation, in that case appropriate proceedings should be had, by which the affairs of such de facto corporation should be wound up and settled by the trustees, whatever is due to it collected, what is due by it paid, and the balance, if any, divided among the stockholders."

The corporation very properly objects to being brought into this action, and bound by the decree made herein, and to have the court assume to take possession of its assets, and administer them through the medium of a receiver, when its trustees are entitled to have the assets, and administer them, if the corporate existence has terminated. In this case it could not be urged that the corporation was entitled to be a party to the action, and to be heard as to the issues between the parties, because upon its motion it was relieved from its position of a party, in which it had been placed by the plaintiff when the action was commenced. The only reason for making the corporation a party at all has failed; the plaintiff cannot have the relief asked for against the corporation; and therefore we see no reason for interfering with the decision of the court, dismissing the complaint as to the corporation, whether it was originally properly made a party or not.

We come next to the consideration of the question whether the judgment was properly directed in favor of the plaintiff against the other defendants. We entertain no doubt as to the right to maintain this action under subdivision 3, § 1948, of the Code. All the facts essential to maintain the action are alleged. Section 1948 provides that:

"An action brought as prescribed in this title, except an action to recover a penalty or forfeiture, expressly given by law, to a particular officer, must be brought in the name of the people of the state, and the proceedings therein are the same, as in an action by a private person except as otherwise specially prescribed in this title."

The complaint brings the case directly within the provisions of subdivision 3, § 1948, and could not, therefore, be brought, except in the name of the people. The relators are shown by the complaint to be directly interested in securing the relief sought. The action can be maintained whether the public have any interest in the relief sought or not. It seems to us, however, that the public have an interest in the question whether the defendants should be permitted to act as a corporation within the state without being duly incorporated, and after the term for which the corporation was organized has expired, and the corporation has ceased to exist, and has an interest in the question whether the defendants are exercising within the state corporate rights, privileges, and franchises not granted to them by the law. And, even though it be not alleged in express terms that the public are interested in the relief sought, still all the facts are alleged showing that such interest exists, and that is sufficient. This action is not brought to dissolve or terminate the life of a corporation, but to restrain individuals from acting as a corporation where none exists, and from exercising corporate rights, privileges, and franchises which have never been granted to them. The question to be determined, therefore, is one of fact merely,—whether a corporation or corporate powers exist at all, not whether an existing corporation shall be dissolved, or corporate powers, privileges, and franchises once granted shall be taken away. This case is therefore clearly distinguishable from

many of the cases referred to by defendants' counsel. If the corporation does not exist, or the corporate powers, privileges, and franchises were never granted, the court must so declare, and can exercise no equity or discretionary powers in the premises.

The corporate existence of the Central Stamping Company ended, and all its powers, privileges, and franchises became extinct, by operation of law, at the end of the 10 years for which it was originally incorporated, December 9, 1894, unless its term of existence was extended by virtue of its reincorporation under the provisions of the statute. It is conceded that the only proceedings taken to extend the existence of the corporation, or alter or extend its business, or increase the number of its shares of stock, were taken under section 4 of the business corporation law (chapter 691, Laws 1892), which provides for the reorganization of existing corporations. It is not claimed there was any attempt to extend the corporate existence under section 32 of the general corporation law (chapter 687, Laws 1892), nor any attempt to alter or extend its business under section 32 of the stock corporation law (chapter 688, Laws 1892), nor any attempt to increase the number of its shares of stock, under section 56 of such stock corporation law. It is claimed that all these three things might be and were accomplished by a reorganization of the corporation under section 4 of the business corporation law, above. This section 4 provides that any corporation may reincorporate under this chapter, and the manner in which it may be done, and, among other things, that a certificate shall be made and filed, which shall, among other things, contain the statements required by section 2 of this chapter, and that from the time of such filing it shall have and exercise all such rights and franchises as it had had and exercised under the laws pursuant to which it was originally incorporated. No express provision is made for the extension of its corporate existence, or the alteration or extension of its business, or the increase of the number of shares of stock, unless it may be said that, by the statements contained in its certificate made under section 2, it is empowered to so extend its corporate existence, alter or extend its business, and increase the number of its shares of stock. Section 2 provides the certificate for the formation of a new corporation under this chapter shall contain, among other things,

"(2) The objects for which it is to be formed, including the nature and locality of its business. * * * (4) The number of shares of which the capital stock shall consist, each of which shall not be less than five nor more than one hundred dollars. * * * (6) Its duration, which shall not be more than fifty years."

Aside from these provisions in section 4, and of section 2, so far as they are referred to in section 4, the only provision for extending the corporate existence of any existing corporation is found in section 32 of the general corporation law, which provides that it may be extended, in the manner therein provided, for a term not exceeding the term for which it was incorporated in the first instance. The only provision for altering or extending the business of

any existing corporation is found in section 32 of the stock corporation law, which provides that it may be done by filing an amended certificate, executed by a majority of the directors, the contents of which are therein provided for, and which is entirely different from the certificate to be made and filed under section 4 of the business corporation law, and executed by entirely different persons; and the only provision for increasing the number of shares of stock in any existing corporation is found in section 56 of the stock corporation law (added in 1893), which provides that it must be done by filing a certificate such as is required for an increase or reduction of its capital stock, and what shall thereupon be done as to the issue of new certificates of stock. These three acts (the general corporation law, the stock corporation law, and the business corporation law) were all passed at one time, and were a part of a single scheme of legislation, and must be read and construed together. And the question here involved is whether the intention was to permit an existing corporation, under section 4 of the business corporation law, to accomplish the purpose of extending the corporate life, altering and extending its business, and increasing the number of shares of its stock, which could not otherwise be accomplished except by complying with the provisions of the other two acts, and in the manner therein expressly provided for, which was entirely different from the manner in which it could be accomplished under this section 4 of the business corporation act. It seems to us that the real theory of the reincorporation provided for by this section 4 was to enable the corporation organized under former statutes to become a corporation under this new act, with the same rights, privileges, and franchises as it originally had, and not to change or enlarge such rights, privileges, and franchises; and, if the corporation desired to make any such changes, it should do it under and pursuant to the provisions of the other acts expressly providing therefor. This section 4 provides that:

"From the time of such filing [of the certificate] such corporation shall be deemed to be a corporation organized under this chapter, and if originally organized or incorporated under a general law of this state it shall have and exercise all such rights and franchises as it heretofore had and exercised under the laws pursuant to which it was originally incorporated," etc.

This language seems to be plain, and to negative any idea or intention to permit a corporation, under such reincorporation, to acquire any new or more extended rights, principles, or franchises than it had before such reincorporation was effected. We do not see that the attempted change in the number of shares of stock in the corporation—there having been no attempt to change the amount of the capital stock—is of any particular consequence here. But the attempt to extend its corporate existence for 50 years, or nearly that, and the attempt to alter and extend its business, as it clearly did, it seems to us, was not permissible, under these statutes, and that such attempt was not accomplished by virtue of the proceedings for reincorporation under section 4 of the business corporation act in question. Under its original incorporation, the

rights and franchises could be exercised for only 10 years. Beyond that term there were no rights or franchises at all. By the reincorporation these rights and franchises could not be extended or enlarged. The corporation thereafter could have and exercise only such rights and franchises as it theretofore had, which were limited to 10 years. And so the attempt to alter and extend its business from the manufacture and sale of stamped tin, iron, copper, zinc, and other sheet-metal wares, to the manufacture and sale of sheet-metal wares and household furnishing goods and kindred articles, was clearly an attempt to change and enlarge the rights and franchises theretofore had and exercised, and was unauthorized. Such an alteration and extension of its business could not be, and was not, effected by the attempted reorganization of the corporation. It seems to us that there can be no doubt but that the corporate existence of the corporation terminated at the expiration of the term of 10 years, for which the corporation was originally organized, namely, December 9, 1894, and that the judgment was therefore properly ordered in favor of the plaintiffs against the individual defendants, for the relief asked for against them.

Our conclusion is that the exceptions on the part of the plaintiffs should be overruled, and plaintiffs' motion for a new trial denied, and judgment ordered for the defendant corporation, dismissing the complaint as to it, with cost of this application and in the trial court, and that the exceptions on the part of the individual defendants should be overruled, their motion for a new trial denied, and judgment ordered for the plaintiffs against them for the relief asked for, with costs of the trial and of this application. All concur.