ATLANTIC DREDGING COMPANY, Respondent, *v.* WILLIAM BEARD et al., as Directors of THE W. H. BEARD DREDG-ING COMPANY et al., Defendants, and WILLIAM BEARD, Appellant.

*Atlantic Dredging Co.* v. *Beard*, 145 App. Div. 342, affirmed.
(Argued October 5, 1911; decided November 3, 1911.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 23, 1911, which affirmed an order of

Special Term granting a motion for judgment on the pleadings in favor of plaintiff.

*Ralph James M. Bullowa* and *Sutherland D. Smith* for appellant.

*Walter L. McCorkle* for respondent.

HAIGHT, J.   The defendant had demurred to the complaint, and the granting of a motion for judgment, in effect, overruled the demurrer.   The questions certified for our determination are as follows:

*1st.* Does the complaint state facts sufficient to constitute causes of action.

*2d.* Upon the facts alleged in the complaint and before obtaining judgment against the corporation is the corporation a necessary party defendant.

*3d.* Upon the facts alleged in the complaint are the stockholders of the W. H. Beard Dredging Company necessary parties defendant in this action without obtaining judgment against the corporation.

*4th.* Have the causes of action been improperly united in the complaint.

The complaint alleges four different causes of action, arising out of the rent of a scow, for work, labor and services in dredging at different times, at the instance and request of the W. H. Beard Dredging Company, in and about the harbor of the city of New York, and for dumping the material dredged.

The plaintiff is a domestic corporation, having its principal office and place of business in the borough of Manhattan.   The William H. Beard Dredging Company is a foreign corporation, created under the laws of the state of West Virginia, but having an office for the transaction of its business in the borough of Manhattan in the city of New York.   The defendants William Beard, Lavinia Beard and John B. Summerfield were the directors of the William H. Beard Dredging Company, and the defendants William Beard and Lavinia Beard were copartners composing the firm of William Beard &

Company. After the performance by the plaintiff of the work, labor and services for the William H. Beard Dredging Company, alleged in the complaint, the William H. Beard Dredging Company dissolved and discontinued business as a corporation and surrendered to the state of West Virginia its charter and corporate franchise, and duly authorized its existing board of directors, who were the defendants William Beard, Lavinia Beard and John B. Summerfield, to proceed to pay off and discharge its debts, liabilities and obligations, and to transfer and set over to William Beard and Lavinia Beard, composing the firm of William Beard & Company, the whole of the property belonging to the corporation. This was done under the laws of West Virginia, which is set forth in the plaintiff's complaint, with the provision that "When a corporation shall expire or be dissolved, its property and assets shall, under the order and direction of the board of directors then in office, or the receiver or receivers appointed for the purpose by such circuit court as is mentioned in the fifty-seventh section of this chapter, be subject to the payment of the liabilities of the corporation, and the expenses of winding up its affairs; and the surplus, if any, then remaining, to the distribution among the stockholders according to their respective interests. And suits may be brought, continued or defended, the property, real or personal of the corporation, be conveyed or transferred under the common seal or otherwise, and all lawful acts be done, in the corporate name, in like manner and with like effect as before such dissolution or expiration; but so far only as shall be necessary or proper for collecting the debts and claims due to the corporation, converting its property and assets into money, prosecuting and protecting its rights, enforcing its liabilities, and paying over and distributing its property and assets, or the proceeds thereof to those entitled thereto."

. We think that, under this statute, the directors in office at the time of the dissolution of the corporation are empowered to collect the assets, pay the liabilities and distribute the surplus; that in discharging that duty they

represent both the corporation and its stockholders and that, consequently, in an action brought to compel them to discharge their duty neither the corporation nor the stockholders are necessary parties. Upon the other questions involved in the case we concur in the opinion of INGRAHAM, P. J., below.

The order of the Appellate Division should be affirmed, with costs, and the questions certified answered, the first in the affirmative, and the rest in the negative.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Order affirmed.