ORESTES DE MARTINI and Others, and All Other Stockholders of the AMERICAN BALLAST LOG COMPANY, a Domestic Corporation in Dissolution, Similarly Situated and Who Desire to Come in and Share in the Expense of This Action, Appellants, *v.* JOSEPH MCCALDIN, Individually and as Trustee of the Stockholders of the AMERICAN BALLAST LOG COMPANY, a Domestic Corporation in Dissolution, Respondent.

First Department, July 11, 1918.

Corporations — dissolution by expiration of charter — right of stockholders where there are no creditors to compel directors to account — necessity for appointment of trustee — receiver.

Where a corporation upon dissolution by the expiration of its charter has no creditors the stockholders are the equitable owners of all the corporate property and should institute a special proceeding for the appointment of a trustee under section 35 of the General Corporation Law and then require the trustee so appointed to prosecute an action against the sole remaining director for an accounting.

But the stockholders have a sufficient interest to enable them to maintain an action for an accounting against the sole remaining director, a trustee *ex maleficio,* charged with converting to his own use and mixing with his own funds the property of which the stockholders are the sole equitable owners.

A receiver for the benefit of creditors is not a necessary party to the action because there are no creditors.

In such an action the court will either *pendente lite* or in the interlocutory judgment appoint a receiver and require him to advertise for creditors and ascertain the personnel of the stockholders and the extent of their holdings.

Although the court may in such an action appoint a trustee under section 35 of the General Corporation Law there is no absolute requirement that such a trustee shall only be appointed on petition or in a special proceeding.

PAGE, J., dissented.

APPEAL by the plaintiffs, Orestes De Martini and others, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 29th day of October, 1917, sustaining a demurrer to the complaint upon the grounds that it is insufficient in substance and that there is a defect of parties defendant.

*John B. Doyle*, for the appellants.

*Leroy W. Ross*, for the respondent.

SHEARN, J.:

The material facts alleged in the complaint, to which a demurrer has been sustained, are: The American Ballast Log Company, a domestic corporation, engaged in manufacturing, selling and hiring out logs to ballast vessels in port, was dissolved in 1898 by the expiration of its charter. Prior to dissolution plaintiffs, who sue both in their own behalf and in behalf of all other stockholders of the dissolved log company, became and still are holders of 841 shares of its capital stock. Immediately prior to and at the time of the dissolution, William J. McCaldin and James McCaldin, who were brothers of the defendant, were the sole remaining directors and upon dissolution they became, by force of section 35 of the General Corporation Law (Consol. Laws, chap. 23; Laws of 1909, chap. 28), trustees of its creditors and stockholders, with power " to settle its affairs, collect and pay outstanding debts, and divide among the persons entitled thereto the money and other property remaining after payment of debts and necessary expenses." Immediately before and for sometime after the corporation was dissolved, William J. and James McCaldin were partners of the defendant in the business of ship or dunnage lumber and towing, and the defendant prior to the dissolution had knowledge of the affairs of the corporation, and after dissolution knew that his brothers were the trustees of its property in behalf of creditors and stockholders. Upon the dissolution the defendant and his brothers took possession of all the corporation's property and the defendant, with the permission of his brothers, who were trustees, and without

any consideration, assumed to carry on its business and to hire out its property for profit, and he and his brothers collected and retained large sums of money for the use of its property. Before the corporation was dissolved its business was conducted at a large profit and dividends were paid, and upon its dissolution there remained property of large value, against which there were no outstanding debts or other claims against the corporation. William J. McCaldin died in 1898 and James McCaldin died in 1911, without any steps having been taken to wind up the affairs of the dissolved corporation, and upon the death of James McCaldin the defendant took into his sole possession and control all of the assets of the dissolved corporation, impressed with the trust of dividing such property among the stockholders after its affairs were settled. The defendant not only failed to apply to a court of competent jurisdiction to appoint a trustee to take possession of the property and settle the affairs of the corporation, but continued to carry on the business of the corporation, to hire out its property, mingled the money thus received with his own money and with that of a corporation known as McCaldin Brothers Company, converted the trust money and property to his own use and refused to account to the plaintiffs and other stockholders and threatens to continue to collect and appropriate to his own use the profits from his use of the property of the dissolved corporation. The relief sought is a judgment (1) adjudging the money and other property of the corporation which have come into the defendant's hands to be held by him in trust for the stockholders; (2) removing the defendant as trustee and appointing in his place a trustee to whom he will be directed to surrender up the money and property in his hands; (3) determining who, besides the plaintiffs, are the stockholders of the company entitled to the said property and money, and directing the trustee appointed to divide the money and property among them as so found and determined; (4) directing the defendant individually and as trustee to account for all the property and moneys of the corporation and the profits from the use thereof; (5) until the appointment of a trustee that a receiver be appointed to take possession of the money and property; (6) enjoining the defendant from further receiving or intermeddling with the money or property

of the corporation, and (7) for general relief. The demurrer was sustained, substantially upon the ground that the cause of action resides in a receiver, who must first be appointed, and that, therefore, the complaint is insufficient in substance since no right of action in the plaintiffs is exhibited. (101 Misc. Rep. 304.) It was also held that the same point was presented by the demurrer upon the ground of a defect of parties defendant, referring doubtless to the fact that a receiver had not been appointed and made a party defendant upon his refusal to sue.

Although the situation presented is most unusual, it must be apparent that the plaintiffs have proceeded in a somewhat irregular manner. The natural and orderly course would have been for the plaintiffs to have instituted a special proceeding for the appointment of a trustee, under section 35 of the General Corporation Law, and then to have required the trustee so appointed to prosecute an action against the defendant for an accounting. No authority is cited empowering the court to remove a trustee *ex maleficio* and to appoint a trustee in his place, and the power to do so is at least doubtful. But upon such a showing as is here made we are not prepared to hold that the plaintiffs have no right to maintain an action against the defendant for an accounting.

The complaint alleges and the demurrer admits that the corporation on dissolution had no creditors whatever. The stockholders of the dissolved corporation were, therefore, the equitable owners of all of the property of the former corporation. (*Matter of Friedman*, 177 App. Div. 755.) In the *Friedman* case one Goldberg formed a corporation to hold title to his real estate and was the sole stockholder. He made a will disposing of all of his property. Before he died the corporation was dissolved by the expiration of its charter. This court said: " Upon the expiration of the term of corporate life of the corporation, its property was vested in its directors as trustees for the owners of the stock, subject only to the payment of the claims of creditors. (*Heath* v. *Barmore*, 50 N. Y. 302; *Sturges* v. *Vanderbilt*, 73 id. 384.) In the case at bar the directors of the defunct corporation held title to the property only as trustees for Goldberg, who

owned all the stock in the corporation. He was the equitable owner of the real estate belonging to the former corporation, subject only to the payment of creditors. (*National Bank of Watertown* v. *Landon*, 45 N. Y. 410.) " Here, the corporation having no creditors, the stockholders were the equitable owners of the property. " Whoever has an interest in trust property or funds is entitled to sue for an accounting with respect thereto." (1 C. J. 631.) There is nothing unfamiliar about the maintenance of a suit against a trustee for an accounting at the hands of one who is the equitable owner of the property held by the trustee. The right to maintain the action is the same whether the trustee is vested with the legal title and was duly made a trustee or is a trustee *ex maleficio.* If, as we held in *Matter of Friedman* (*supra*), the sole stockholder in the dissolved corporation has such an interest in its property as may pass by will, certainly in a case such as this, where it affirmatively appears that there are no creditors, the stockholders have a sufficient interest to enable them to maintain an action for an accounting against a trustee *ex maleficio,* charged with converting to his own use and mixing with his own funds the property of which the stockholders are the sole equitable owners. A receiver for the benefit of creditors is not a necessary party to the action because there are no creditors. As a matter of orderly administration, in such an action as this, the court would either *pendente lite* or in the interlocutory judgment, appoint a receiver and require him to advertise for creditors and ascertain the personnel of the stockholders and the extent of their holdings. The complaint asks such relief. In such an action the court might appoint a trustee under section 35 of the General Corporation Law. There is no ironclad requirement that such a trustee shall only be appointed on petition or in a special proceeding. The complaint asks for the appointment of a trustee. Furthermore, there is authority for the maintenance of an action by stockholders of a dissolved corporation without the intervention of a trustee. In *People ex rel. Haberman* v. *James* (5 App. Div. 412, 417) it was held that when corporate existence terminates by the expiration of the charter, an action cannot be maintained in the name of the People to close up its business or distribute its assets, the court

saying: " If any action becomes necessary for that purpose it may be brought by any creditor or stockholder." While the practice pursued in this case is not to be commended, we do not think that it can be fairly held that upon the facts alleged in the complaint these plaintiff stockholders are not entitled to equitable relief.

The interlocutory judgment should, therefore, be reversed, with costs, and the demurrer overruled, with costs, with leave to answer within twenty days upon payment of costs.

CLARKE, P. J., LAUGHLIN and SMITH, JJ., concurred; PAGE, J., dissented.

Judgment reversed, with costs, demurrer overruled, with costs, with leave to defendant to withdraw demurrer and to answer on payment of said costs.