In the Matter of the Application of HENRY LEHRICH, Respondent, for an Order of Mandamus against SIXTH AVENUE BANCORPORATION, INC., and Others, Appellants.

First Department, May 28, 1937.

*William L. Hanaway* of counsel [*Breed, Abbott & Morgan,* attorneys], for the appellants.

*Hyman D. Lehrich,* for the respondent.

COHN, J. The Sixth Avenue Bancorporation, Inc., was a Delaware company organized on May 17, 1929. It duly qualified to do business in the State of New York on May 31, 1929. The corporation was engaged primarily in buying securities for investment purposes and continued as a going concern until March 17, 1933. On the latter date more than two-thirds of the outstanding shares of stock voted to dissolve the corporation, at a regular meeting duly called for that purpose. A certificate of dissolution was thereupon filed with the Secretary of State of the State of Delaware. As there had been a compliance with the statutory requirements that official, on March 30, 1933, duly issued a certificate of dissolution.

The individual appellants were directors or officers of Sixth Avenue Bancorporation, Inc., at the time of its dissolution or prior thereto. When the corporation filed its certificate of dissolution, appellant Anderson was secretary of the company, Korell was a director, and Thralls was chairman of the board of directors. Appellant Doty had severed his connections with the corporation sometime in the year 1932.

Petitioner, the owner of twenty-five shares of stock, was granted an order of mandamus by the Special Term authorizing the inspection of the corporation's books and records. He instituted the proceeding almost four years after the certificate of dissolution had been filed. It is his claim that the corporation did not account for its assets and that it failed to issue to its stockholders a financial statement reflecting its holdings or its profits and losses. He also urges that although the corporation had been dissolved in 1933, it had not distributed any of its assets up to January 1, 1937. It appears, however, that when this proceeding was instituted the corporation had no debts; that on January 5, 1937, a liquidating dividend of one dollar a share had been transmitted to the shareholders, accompanied by a statement of assets as of December 31, 1936; and that an additional liquidating dividend of one dollar per share has been paid.

Appellants contend that as the corporation no longer exists for any purpose, this court is without authority to require former directors by mandamus to submit the books and records of the former corporation to an examination. Petitioner asserts that the order of mandamus was properly granted, as the corporation had not been legally dissolved, and that the court has power by mandamus to direct appellants to submit to a stockholder the corporate books and records for examination, even assuming that the corporation had been legally dissolved.

It clearly appears that the statutes of the State of Delaware (General Corporation Law of the State of Delaware, § 39 [Rev. Code, chap. 65, § 39]) regulating proceedings for dissolution have been fully complied with. The petitioner claims that the dissolution is ineffective because an affidavit of the manager or publisher of the newspaper showing publication of the certificate of dissolution in accordance with law had not been filed with the Secretary of State. However, the record shows that such certificate had been issued only after ample provision had been made for publication as required. (General Corporation Law of the State of Delaware, § 39.) The said statute with respect to the publication of the certificate of dissolution, so far as pertinent, reads as follows: " The Secretary of State shall ascertain the charge for publishing the certificate of dissolution as aforesaid, and collect the amount from the corporation *before the certificate of dissolution is issued;* and upon the filing in the office of the Secretary of State of an affidavit of the manager or publisher of the said newspaper that said certificate has been published one time, in said newspaper, the corporation shall be dissolved." (Italics ours.) From the wording of the law, it is clear that the cost of publication must be collected by the Secretary of State before the certificate of dissolution may be issued by him. Obviously there is no merit to petitioner's claim that appellants failed to comply with the General Corporation Law of the State of Delaware.

When the certificate of dissolution was issued, the corporation had ceased to function. The statute, however, permitted its continuance for three years after the date of dissolution, for purposes of suit by or against the corporation, to dispose of its property, and to divide its capital stock. (General Corporation Law of the State of Delaware, § 40 [Rev. Code, chap. 65, § 42].) Concededly, no suits had been instituted by or against the corporation during the three-year interval which ended on March 17, 1936. This proceeding has been initiated almost a year after the termination of that period.

Under the Delaware law the directors continue as directors and not as trustees to close up the business of the corporation, but only for the three-year period. (*Carle* v. *International Clay Products Co.,* 15 Del. Ch. 166; 132A. 892.) After that time the stockholders might have asked for the appointment of a receiver. (General Corporation Law of the State of Delaware, § 43 [Rev. Code, chap. 65, § 43].) Such relief was not sought or obtained.

The law seems well settled that a corporation which has become defunct by dissolution in the State of its creation is defunct in every other State. (17 Fletcher Cyclopedia Corporations,

§ 8580; *Martyne* v. *American Union Fire Ins. Co.*, 216 N. Y. 183, 190; *Sinnott* v. *Hanan*, 214 id. 454, 453 *Atlantic Dredging Co.* v. *Beard*, 145 App. Div. 342, 347, 348; affd., 203 N. Y. 584.) The corporation was dissolved pursuant to the statutes of the State in which it had obtained its corporate life. It necessarily came to an end when the laws of the State of Delaware declared it no longer existed. It has accordingly ceased to exist in this State. (*Sinnott* v. *Hanan, supra; Merchants' Loan & Trust Co.* v. *Clair,* 107 N. Y. 663.) In *Sinnott* v. *Hanan* (*supra,* at p. 458) the Court of Appeals said: " The existence and the powers of any foreign corporation coming into this State to do business are at all times subject to the law of its creation and of its domicile and, additionally, to our laws relating to it, and the terms laid down by our Legislature as conditions of allowing it to transact business here." At the expiration of the three-year period the directors of the extinct corporation were no longer officials thereof; they became trustees of its property. Their rights and powers must be measured as such and not in accordance with the status of directors of a going corporation. (*Sturges* v. *Vanderbilt,* 73 N. Y. 384; *DeMartini* v. *McCaldin,* 184 App. Div. 222.) " Upon the expiration of the term of corporate life of the corporation, its property was vested in its directors as trustees for the owners of the stock, subject only to the payment of the claims of creditors." (*Matter of Friedman,* 177 App. Div. 755, at p. 759.)

It is undoubtedly the rule that the court has power to issue on behalf of a stockholder an order of mandamus to compel the inspection of the books and records of a corporation against officers and directors of a going concern upon good cause shown. (*Matter of Steinway,* 159 N. Y. 250.) The State has visitorial or supervisory powers over the business of all corporations which are given life by the people. (*People ex rel. Rottenberg* v. *Utah Gold & Copper M. Co.,* 135 App. Div. 418.) With respect to the stock book of a foreign corporation, the statute specifically directs that, under most circumstances, a stockholder shall be permitted to inspect it. (Stock Corp. Law, § 113; Laws of 1923, chap. 787.) The jurisdiction of the court to compel an inspection of corporate books and records generally extends to a foreign corporation which accepts a license to do business in this State. (*People ex rel. Solomon* v. *Brotherhood of Painters,* 218 N. Y. 115, 119; *Matter of Rogers* v. *American Tobacco Co.,* 143 Misc. 306, opinion by TOWNLEY, J.; affd., 233 App. Div. 708.)

Here, however, the corporation became extinct three years after the certificate of dissolution had been filed and the directors and officers of the old corporation no longer had any official capacity. The court had accordingly lost its general visitorial powers, and

the former officers and directors should not be required by mandamus to submit to an examination the books and property of the old corporation.

We do not say that those in charge of the undistributed assets in this State of the dissolved foreign corporation are immune from suit. (*Sturges* v. *Vanderbilt, supra; DeMartini* v. *McCaldin, supra.* Cf., also, *James & Co.* v. *Second Russian Insurance Co.*, 239 N. Y. 248.) Indeed, appellants conceded that this petitioner and other shareholders are not without remedy. They point out that if there be a just grievance an action may be maintained against the former directors for an accounting in this State where all the parties reside.

For the foreging reasons, we conclude that in the circumstances of this case, the court was without power to direct appellants by mandamus to submit the books, records and papers of the old corporation to a general examination and inspection by petitioner. The order should accordingly be reversed, with twenty dollars costs and disbursements to the appellants, and the motion denied.

MARTIN, P. J., O'MALLEY, GLENNON and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion denied.