GEORGE E. TRIBBLE et al., Plaintiffs, *v.* BAUER, POGUE & Co., INC., et al., Defendants.

Supreme Court, Special Term, New York County, June 15, 1943.

*Benjamin P. De Witt* and *Sidney Pepper* for Bauer, Pogue & Co., Inc., defendant, for purposes of motion only.

*Bernheimer & Zucker* for plaintiffs.

SCHREIBER, J. Motion to vacate the service of the summons on the defendant corporation is denied. This motion presents an interesting problem as to the power and effect of section 216 of the General Corporation Law. The conceded facts are these: The defendant corporation was a Delaware corporation; in 1933 it obtained in New York State a certificate of authority to do business here as a foreign corporation; in 1937, the defendant corporation was duly dissolved in Delaware, the State of its creation. Under the Delaware law a dissolved corporation is continued for a term of three years after its dissolution for the purpose of prosecuting and defending suits by or against it. Concededly, no suit was instituted by these plaintiffs against the defendant corporation in the State of Delaware within this three years' period; in 1938, the defendant corporation filed with our Secretary of State a certificate of surrender of authority. In such certificate it specifically stated that " it consents that process against it in an action or proceeding upon any liability or obligation incurred within the State of New York before the filing of this certificate of surrender of authority, may after the filing of this certificate be served upon the Secretary of State."

This suit involves a cause of action which arose in New York State prior to the filing of the certificate of surrender of

authority. Pursuant to the consent in such certificate hereinbefore described, the plaintiffs served the summons herein upon the Secretary of State on May 25, 1943.

The defendant corporation moves to vacate such service of the summons upon the ground that, insofar as a suit against it is concerned, it was defunct in the State of its creation, and, therefore, defunct in every other State.

The plaintiffs' argument is this: The defendant corporation, as a condition of doing business within New York State, entered into a contract subjecting such corporation to suit in accordance with the terms of that contract, which cannot be revoked even by the dissolution of the corporation in the State of its creation and its immunity from suit there (*Neirbo Co.* v. *Bethlehem Shipbuilding Corp.*, 308 U. S. 165, 174, 175; *Dehne* v. *Hillman Investment Co.*, 110 F. 2d 456; *Du Pont Co.* v. *Harvey Co.*, 156 Va. 582; *Clark* v. *Williard*, 292 U. S. 112, 119, 120).

I agree with plaintiffs' contention. This State has the power and authority to prescribe conditions under which a foreign corporation is permitted to do business, and under which it is to cease doing business once such permission has been obtained. Once consented to, the conditions are effective irrespective of the status of the corporation in another State. The conditions imposed by New York are reasonable. The cause of action must have arisen before the surrender of authority and the designation of an agent to receive service, and, of course, suit must be instituted within the time prescribed in our Statutes of Limitation.

I have read carefully the cases of *Matter of National Surety Co. (Laughlin)* (283 N. Y. 68) and *Matter of Lehrich* v. *Sixth Ave. Bancorporation* (251 App. Div. 391). In the *National Surety* case the facts were these: National Surety Company had been dissolved in New York, the State of its creation, under section 407 (now § 525, in substance) of the Insurance Law. Under this section dissolution was effective forthwith. Prior to such dissolution National Surety Company had complied with the laws of Mississippi governing the administration of foreign insurance companies, which appointed the Superintendent of Insurance of Mississippi agent for the service of process for a period of three years beyond dissolution. After dissolution in New York suit was commenced against National Surety Company in Mississippi by service upon the latter's Superintendent of Insurance within the three years' period and the plaintiff obtained judgment. A claim was filed here in New York on the Mississippi judgment. Rejection of the claim here was sustained, the Court of Appeals, through FINCH, J., holding

(p. 76): " The statutes of a foreign jurisdiction can in no way modify, change or nullify the effectiveness of the dissolution of a corporation in the State of its incorporation. Even though the statutes of Mississippi attempt to continue the corporate life of all corporations for a time after dissolution, so far as dissolved foreign corporations are concerned, such statutes apply only to winding up the business of such corporations in so far as it may be carried on in the foreign jurisdiction * * *. Thus judgments entered against the dissolved corporation in a foreign jurisdiction are null and void in the State of its incorporation, and valid, if at all, only as to local assets found in the foreign jurisdiction."

In *Matter of Lehrich* v. *Sixth Ave. Bancorporation* (*supra*) the Appellate Division, First Department, reversed an order of mandamus by Special Term authorizing inspection of the books of a Delaware corporation. The order was made more than three years after the corporation had been dissolved in Delaware. It does not appear from the opinion whether a certificate of surrender of authority authorizing service upon the Secretary of State was ever filed nor does it appear that the Secretary of State was served. The court conceded that an action might be maintained against the former directors for an accounting in this State where all the parties reside.

In a suit against this defendant corporation, instituted in the United States District Court, Southern District of New York, entitled " *Adele D. Trounstine, etc.* v. *Bauer, Pogue & Co. Inc., et al.*" (44 F. Supp. 767), Judge BRIGHT said: " The first question to be determined is that raised by the defendant corporation — that more than three years have elapsed since it was dissolved, and, therefore, no judgment may be taken against it because under the laws of Delaware it has ceased to exist for any such purpose. * * *

" Under Section 210 of the General Corporation Law of New York, the corporation could not do business in this state without first obtaining a certificate of authority from the Secretary of State and his designation as its agent upon whom process might be served within the state. Under Section 216 of the same law, it could not surrender that authority without consenting that process against it, in an action upon any liability or obligation, incurred within this state before the filing of any certificate of surrender, after the filing thereof, might be served upon the Secretary; and even the filing of such a certificate would not affect any right of action upon any contract made before the surrender. The designation of the Secretary of State upon whom process might be served in this state was a

consent to be sued here, and a waiver of any claim of want of jurisdiction over the person of the corporation. *Neirbo Co.* v. *Bethlehem Corp.*, 308 U. S. 165–175. The granting of a certificate to do business constituted a true contract with the state, and the Secretary of State was a true agent of the corporation. The actions in which he was to represent the corporation were not limited. *Bagdon* v. *Philadelphia & Reading C. & I. Co.*, 217 N. Y. 432.

" It is probably true that Bauer, Pogue & Company, Inc. is dead in Delaware, except insofar as its corporate existence is continued by the laws of that state. *Oklahoma Natural Gas Co.* v. *Oklahoma*, 273 U. S. 257. But having contracted with the State of New York when it acquired the right to do business here, it is still existent in this state insofar as the winding up of its business and the administration of its assets here may be carried on in this jurisdiction, where it did its business and where the controversy now in suit arose."

It may well be that a judgment against this corporation would be null and void in the State of its creation and valid only as to assets of the corporation within the State of New York. With that we are not now concerned. The contract made by this defendant corporation under article 13 of the General Corporation Law is valid and enforcible here.