Samuel H. Hofstadter, J.
This is an application by a director of a Delaware corporation for an inspection of its books and records.
The principal ground of objection is jurisdictional — that the courts of this State do not have jurisdiction to grant an order which affects “ the internal management of the affairs of a foreign corporation ’ ’. Respondent contends that the relief here sought can be the subject of a proceeding in the State of incorporation only. It is noted, however, that petitioner’s statement that the main office of the corporation is in New York City, that a substantial portion of its books and records are in that main office, and that all meetings of the board since he became a director have been held there, has not been challenged.
It is true that in the early case of Matter of Rappleye (43 App. Div. 84) the sweeping rule was laid down by way of dictum that the right of a member of a foreign corporation — whether as stockholder, director or officer — to inspect its books depended upon the law of the State of its incorporation and could be enforced only by its courts. A more realistic view of corporate organizations and operations was taken in Matter of Rogers v. American Tobacco Co. (143 Misc. 306, affd. 233 App. Div. 708 [1st dept.]) which expressly declined to follow the “ rule ” of the Rappleye case. The proper rule in line with modern conditions and the trend of decisions was said to be that our courts do not decline jurisdiction as to a foreign corporation which does business here unless considerations of convenience or efficiency unmistakably indicate that the courts of its domicile are the *695 only appropriate tribunals. Petitioner, a stockholder, was held entitled to an order of peremptory mandamus directing an inspection of the books and records kept and maintained in New York City by respondent, a foreign corporation. Then, in Matter of Lavin v. Lavin Co. (264 App. Div. 205 [2d dept.]), the same relief was accorded a director of a Connecticut corporation which managed a hotel in New York and thus was doing business here “ with a fair measure of continuity ”.
In this connection it should be observed that there is no statute in this State dealing with the right of a director of a corporation, domestic or foreign, to inspect its books. In Matter of Cohen v. Cocoline Products (309 N. Y. 119, 123) it was pointed out that ‘ ‘ Because of these positive duties and potential liabilities, the courts of this State have accorded to corporate directors an absolute, unqualified right, having its roots in the common law, to inspect their corporate books and records ”. The statutes merely refer to the right of inspection during business hours by a stockholder of the stock book of a domestic corporation (Stock Corporation Law, § 10) and of a foreign corporation “ having an office for the transaction of business in this state ” (Stock Corporation Law, § 113). But both sections state that ‘1 Nothing herein shall impair the power of the courts to compel the production for examination of the books of a corporation.” The right conferred by the courts upon stockholders and directors of domestic or foreign corporations to examine books and records, including books of account, is thus recognized in the statutes as having been evolved by the common law and subject to purely judicial interpretation.
An application by a director to examine corporate books kept in this State involves, it seems to me, no greater interference in its internal management than a like application by a stockholder. The only question in either case is whether the particular relief sought in the proceeding then before the court constitutes such interference in its affairs as can fairly be said to go beyond the scope of its activities in this State.
My conclusion is that under the circumstances here shown jurisdiction exists to compel an inspection of those books and records which have been regularly kept and maintained in this State. The nature of the relief thereby granted does not go beyond the respondent’s own activities in this State. For all practical purposes, the petitioner’s directorship has been confined to New York and his rights with relation to the corporate property and records in this State are enforcible in our courts. The court will not, however, enjoin the alleged contemplated removal of books and records from the State if that is necessary *696 in connection with the physical removal of the respondent’s main office to another State. That is truly a matter of internal management with which our courts may not interfere. But the order herein shall provide that, if such removal be effected, all books and records so removed shall be brought back into the State at the appointed time and place for the purpose of the inspection.
The final ground of objection is that the petitioner is seeking the examination solely for his personal benefit, to harass the respondent and to obtain evidence for use in a pending action brought by it against him. The rule has been firmly established in this State that, regardless of motive, a director — as distinguished from a stockholder, who must show good faith — is entitled to an inspection so long as he is a director (Matter of Cohen v. Cocoline Products, supra). In Matter of Davis v. Keilsohn Offset Co. (273 App. Div. 695) the same situation existed; a corporation suing a hostile director, alleging in that case that he had attempted to wreck the corporation for the benefit of a competitor controlled by him, but, nevertheless, his petition for an inspection was granted as a matter of absolute right. And in Matter of Lavin v. Lavin Co. (supra) the same principle was deemed applicable to a director of a foreign corporation doing business in this State. Certainly, in the absence of a showing that the law in the State of incorporation is contrary to that of New York, our courts must apply New York law, and under that law it is clear that a director must be given the right of inspection until he has been removed as director.
The petition is accordingly granted to the extent indicated. Settle order.