Samuel M. Gold, J.
This is a motion by one Richard D. Gittlin, the record owner of 5,000 shares of common stock of Studebaker Corporation, for an order, ‘ ‘ pursuant to Section 1315 of the New York Business Corporation Law and the common law of the State of New York ” (emphasis supplied), directing Studebaker Corporation to furnish him with the *965 names and addresses of all shareholders of the corporation and the number of shares held by each as of the close of business on March 11, 1966. The motion is opposed by the corporation on the ground that petitioner does not possess the qualifications prescribed by section 1315 and is not entitled to the relief under the common law.
Subdivision (a) of section 1315 of the Business Corporation Law confers an absolute right upon a resident stockholder of a foreign corporation licensed to do business here to require the corporation to produce a record of its shareholders if the stockholder has been a shareholder of record for at least six months preceding his demand, or if the stockholder making the demand has been authorized in writing to do so by the holders of at least 5% of any class of the outstanding shares. Subdivision (b) of the section*'provides that the examination may be denied if the stockholder making the demand refuses to furnish the affidavit prescribed by that subdivision.
Petitioner has been a record stockholder of Studebaker Corporation only since February 29,1966, less than the six months ’ period required by the aforesaid statute. Although he claims that holders of more than 5% of the outstanding common stock have authorized him in writing to demand production of the shareholders’ list, he may not avail himself of these authorizations because Judge Cannella of the United States District Court, by order dated March 25, 1966, has enjoined him from using said authorizations in this proceeding until he has complied with the appropriate Security Exchange Commission regulations. It follows that petitioner fails to meet the qualifications required by section 1315 and possesses no absolute right to demand the list of shareholders.
YFe turn now to petitioner’s claim that he is entitled to the relief sought under the common law of this State. Subdivision (d) of section 1315 expressly provides that nothing contained in this section “ shall impair the power of courts to compel the production for examination of the books of a foreign corporation ”.
In Matter of Steinway (159 N. Y. 250) the Court of Appeals held that a stockholder of a corporation possessed a common-law right to inspect the corporate books and records, provided that the examination was sought in good faith and for a proper purpose. Although early cases held that this qualified right did not apply to stockholders of foreign corporations doing business here, these cases were, in effect, overruled in Matter of Rogers v. American Tobacco Co. (143 Misc. 306, affd. 233 App. Div. 708) (see Matter of Newmark v. C. & C. Super Corp., 4 Misc 2d *966 693, 694, 695). In Matter of Lehrich v. Sixth Ave. Bancorporation (251 App. Div. 391, 394) the Appellate Division in this department said: ‘1 The jurisdiction of the court to compel an inspection of corporate books and records generally extends to a foreign corporation which accepts a license to do business in this State.”
Although the case of Matter of Rogers v. American Tobacco Co. (supra) did not involve an application to examine the stock hook containing the names of the shareholders, there appears to he no good reason (in the absence of statute) for excluding that book from the scope of the common-law right to inspect corporate books and records.
In the recent case of Sivin v. Schwartz (22 A D 2d 822) the Appellate Division, Second Department, held that section 624 of the Business Corporation Law, which confers a statutory right to production of the list of stockholders of a domestic corporation, similar to that conferred by section 1315, in the case of a foreign corporation, “ is not exclusive, and any stockholder, including one not of record, has a common-law right to inspect the stock books if the inspection is sought in good faith and for a valid purpose ”. This decision squarely holds that the common-law right of inspection extends to the list of shareholders as well as all other corporate books and records. The court pointed out that section 624 provides that “ Nothing herein contained shall impair the power of courts to compel the production for examination of the books and records of a corporation ”, a provision almost identical with subdivision (d) of section 1315, the statute applicable to foreign corporations, such as Studebaker Corporation.
The question remains whether, as Studebaker Corporation contends, the history and language of section 1315 indicate that the Legislature intended to limit the common-law inspection right to corporate books and records other than those containing the names of shareholders and their holdings. It is urged that the elimination from the “ study bill” introduced in the Legislature of an express provision that any shareholder, upon proof of a proper purpose, shall have the right to examine the record of shareholders indicates that the Legislature intended to abolish the common-law right of inspection as to the books or records containing the names of shareholders. This does not necessarily follow, for the “ study bill ” also contained the provision that “nothing contained in this section shall impair the power of the courts to compel the production for examination of the books of the corporation ”, a provision retained in the hill finally passed. The Legislature may have *967 felt that the eliminated provision was redundant and superfluous in view of the retained provision preserving unimpaired the power of the courts to compel the production of corporate books.
It is also argued that the word “ books ”, as used in subdivision (d) of section 1315, does not include records of corporate shareholders. This contention is based upon the fact that in preliminary research reports which preceded the enactment of section 1315 the book containing the names of shareholders was referred to as “ record of its shareholders ”, and upon the fact that the words “ record of its shareholders ” are employed in subdivisions (a), (b) and (c) of section 1315.
In the court’s opinion, these circumstances do not clearly and convincingly indicate that the Legislature intended that the “ books ” referred to in subdivision (d) should not include the records of the corporate shareholders. There appears to be no good reason for permitting the common-law right of inspection to be preserved as to the records of corporate shareholders in the case of domestic corporations (Sivin v. Schwartz, supra) and extinguishing that right as to foreign corporation licensed to do business here. Such an unreasonable and senseless differentiation should not be held to have been intended in the absence of statutory language clearly demonstrating that such was indeed the intent of the Legislature.
The court accordingly holds that section 1315 does not abolish or qualify the common-law right of a stockholder to the production of a list of the shareholders of a foreign corporation licensed to do business here, as Studebaker Corporation is.
Petitioner shows, prima facie, that the production of the list of shareholders is sought in good faith and for a proper purpose (Matter of Murchison v. Alleghany Corp., 27 Misc 2d 290, affd. 12 A D 2d 753). No facts indicating bad faith or an improper purpose are set forth in the opposing affidavits. There is, therefore no triable issue on this score.
For the reasons indicated, the motion is granted to the extent of directing the production of the papers or cards containing the desired information and the data necessary to read or utilize the tapes or cards.