■  In the Matter of RICHARD D. GITTLIN, Respondent, v. STUDEBAKER CORPORATION et al., Appellants.— Order entered April 1, 1966 granting plaintiff's petition to examine the record of shareholders of the appellant corporation and staying the annual meeting of the corporation until 30 days after the stockholders' lists are furnished plaintiff, and enjoining the corporation from soliciting proxies for use at the annual meeting until the lists are furnished, unanimously reversed on the law, on the facts and in the exercise of discretion, without costs and disbursements to either party, and the petition dismissed. It appears from the petitioner's application that he seeks the stockholders' lists in order to solicit proxies to be used in connection with a forthcoming stockholders' meeting of the corporation. However, it now appears that, in an action brought by Stude-

baker in the Federal court of Michigan, that court has enjoined all the parties, and those associated with them, from soliciting proxies, and has also stayed the holding of the annual meeting. In view of the status of the matter, the plaintiff Gittlin, who is an associate of the defendants in the Michigan action, may not presently solicit proxies. There is thus no present need for the plaintiff to see the lists and, accordingly, the application should be denied. That part of the order of Special Term, staying the called annual meeting for at least 30 days after the stockholders' lists are furnished, need not now be considered since it is academic, the Federal court in Michigan having stayed such meeting. This disposition is without prejudice to the petitioner bringing a new application at a time when he may be able to utilize the stockholders' list for the purposes asserted, at which time any question as to the good faith of the petitioner may be raised by the appellant Studebaker Corporation. In view of the disposition of this appeal, there is no need to consider the application of the appellant to consolidate this appeal with an appeal from an order made on April 25, 1966 which denied a rehearing and redetermination of the original petition, since it is academic. Accordingly, that application is denied. Concur — Botein, P. J., Breitel, Rabin and Eager, JJ. [49 Misc 2d 964.]