The People of the State of New York ex rel. Hugh McInnes, , Respondent, v. Columbia Paper Bag Company and Henry W. White, as President and Treasurer Thereof, Appellants.

*Domestic corporation — right of a director to a mandamus requiring that its books, etc., be submitted to him for examination — proper direction to be given in such a case, as to the time and the number of accountants.*

A director of a domestic corporation doing business in the city of New York is entitled, as a matter of law, to a peremptory writ of mandamus requiring the president and treasurer of such corporation to exhibit to him the books and

PEOPLE ex rel. McINNES *v.* COLUMBIA BAG CO.   209

App. Div.]   First Department, April, 1905.

papers of the corporation for examination by himself, alone or with the aid of a competent and proper person employed by him and approved by the court.

An order granting such an application which allows the director, his attorney, accountant and assistants, without limitation in number, to examine the books, and permits the examination to range over a period of three months, is too broad in its scope, where it does not appear that more than one accountant will be required or that the examination will take three months.

Such order should be modified by allowing the examination and the inspection to be made by the director and one accountant, and the period within which the examination should be made should be limited to four weeks with a provision allowing an application to the court for an extension of the time in case of necessity.

Appeal by the defendants, the Columbia Paper Bag Company and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of February, 1905, granting the relator's application for a peremptory writ of mandamus.

*Isaac W. Goodhue,* for the appellants.

*Joseph A. Arnold,* for the respondent.

Patterson, J.:

The relator, a director and stockholder of the defendant, a domestic corporation doing business in the city of New York, applied to the court for a peremptory mandamus to require the president and treasurer of the corporation to exhibit to him, his attorney, accountant and assistants, all books of account, records and papers of the defendant corporation. The motion was granted, and from the order entered thereupon the defendant corporation and the president thereof, who is also a defendant, appeal.

Whether the relator was entitled to the writ as a stockholder we need not consider. He was a director, and as such, as matter of law, he was entitled to the peremptory writ. (Thomp. Corp. § 4429; *People ex rel. Gunst* v. *Goldstein,* 37 App. Div. 550; *People ex rel. Muir* v. *Throop,* 12 Wend. 135; *People ex rel. Onderdonk* v. *Mott,* 1 How. Pr. 247.) Sufficient facts appear in the petition and affidavits to justify the action of the court below in granting this writ. There are allegations that the president of the company and another director (there being but three directors) are wasting its assets. A director of a corporation is responsible to stockholders for

the faithful execution of his trust.    He is also authorized by law to maintain an  action to recover back  moneys or property wastefully disposed of  by those in control and management of the corporation. (*Miller* v. *Quincy*, 179 N. Y. 294.)    The relator has shown, to the satisfaction of the court below that he has not been permitted to make such examination of the books as would  enable him to ascertain the exact status of the affairs of the corporation.    It is true that there is much contained in the answering affidavits by which the two other  directors of the corporation attempt to show that they endeavored to meet all the reasonable demands of the relator to have the books examined  and the condition of the corporation disclosed, but the relator, as a director, is entitled to make the examination for himself, or with the aid of a competent and proper person employed by him and  approved by the court.    The order from which this appeal is taken is so drawn that if the defendants object to the persons nominated by the relator for the purpose in view, they may serve objections to such persons, which objections are to be passed upon by the justice making the order.    But that order as made is in other respects altogether too broad in its scope and sweeping in its requirements.    It allows the relator, his attorney, accountant and assistants without limitation in number to examine the books and permits the examination to range over a period of three months, when there is  nothing in the papers before the court to show that more than one accountant is required or that any such time as three months will be  necessary to make the examination.    The order should be modified by allowing the examination and inspection to be made by the relator and one accountant, and the period during which such examination may be  made should be limited to four weeks, with a provision that if a longer time is absolutely required an application for an  extension of that time may be made to the court on five days' notice to the attorneys for the defendants.

The order as modified should  be affirmed, without costs to either party.

Van Brunt, P. J., Ingraham, McLaughlin and Laughlin, JJ., concurred.

Order modified as directed in opinion, and as modified affirmed, without costs.