PEOPLE ex rel. LEACH v. CENTRAL FISH CO. et al.

(Supreme Court, Appellate Division, First Department. January 11, 1907.)

CORPORATIONS—DIRECTORS—EXAMINATION OF BOOKS—MANDAMUS.

A director of a corporation is entitled to an order permitting him to examine its books, records, and accounts, on showing merely that he has demanded and been refused permission to do so; and this, though he was put into the directory to represent an interest in the company that is hostile to the company.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 1375½.]

Appeal from Special Term, New York County.

Mandamus, on the relation of Edward Leach, against the Central Fish Company and its president and secretary. From an order directing issuance of a peremptory writ, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Frank Harvey Field, for appellant.
George Zabriskie, for respondent.

SCOTT, J. The relator, a director of the appellant corporation has obtained an order directing the issuance of a peremptory mandamus, permitting him to examine the books, records, and accounts of the said corporation. From this order the defendant appeals. It appears that the Central Fish Company was formed in the year 1902, between certain persons engaged in the fresh water fish business in the city of New York including W. Vernon Booth, president of an Illinois corporation

known as A. Booth & Co., which maintained an agency in the city of New York, at which it conducted a fresh water fish business.

The consideration upon which Booth was admitted to the defendant corporation and given a part of the stock, was his agreement that he would procure a bill of sale of its New York agency from A. Booth & Co. to the defendant corporation, and should further procure for A. Booth & Co. an agreement not to engage in the fresh water fish business in the city of New York for a period of 10 years. These papers (the assignment and the agreement) were executed by A. Booth & Co., but, owing to some pending litigation with third parties, have not been delivered to the defendant corporation, being held in escrow by a trust company. By the agreement under which the Central Fish Company was organized, it was stipulated that the business of the company should be conducted by four directors, and that any interest or combination of interest of not less than one-fourth of the capital stock should have the right to name one of the directors, and that the interest represented by W. Vernon Booth should name the vice president. The by-laws carried out this agreement, and provided that one of the directors should be named by and should immediately represent the interest of W. Vernon Booth as long as he, the said W. Vernon Booth, should remain a stockholder of the corporation. The relator is the director nominated by and immediately representing the interest of said Booth. The respondent sets forth at length certain facts which, as it claims, demonstrate that W. Vernon Booth has become inimical to the Central Fish Company and desires to damage and destroy its business, and it is asserted that the only purpose for which relator seeks to examine the books and records is to facilitate Booth in the prosecution of his policy of destruction. We are referred to a number of cases in this state wherein it has been held that the right of a stockholder to examine the books and papers of a corporation is not absolute, but rests in the sound discretion of the court, and that that discretion will be exercised to refuse an application for an inspection when it is made to appear that its real purpose is to injure the corporation. Matter of Steinway, 159 N. Y. 265, 53 N. E. 1103, 45 L. R. A. 461; Matter of Coats, 73 App. Div. 178, 76 N. Y. Supp. 730; People ex rel. Callahan v. Railroad Co., 106 App. Div. 349, 94 N. Y. Supp. 555.

For the purposes of this appeal we may assume, without deciding, that the facts stated by the defendant would suffice for a refusal of the demand for an inspection if the relator claimed such right only as stockholder, or if W. Vernon Booth himself being a stockholder, but not a director, were insisting upon an inspection. The rule which is applicable to a stockholder is not applicable to a director. The duty of a director is to direct, and if he neglect this duty he is certainly guilty of a moral wrong, if not a legal one. To perform this duty intelligently it is essential that he should keep himself informed as to the business and affairs of the corporation, and as to the acts of its executive officers, and in order to keep himself so informed he has the unqualified right to inspect its books, records, and documents. All that he need show to entitle himself to an inspection is that he is a director of the company; that he has demanded permission to examine and that his demand had been refused. People ex rel. McInnes v. Col. Bag Co., 103 App. Div.

208, 92 N. Y. Supp. 1084; People ex rel. Cunst v. Goldstein, 37 App. Div. 550, 56 N. Y. Supp. 306. It is of no consequence that the relator was put into the board of directors to represent a certain interest in the company. That fact lessens neither his obligation nor his rights. If the company, by its plan of organization has so contrived that it is possible that a hostile director may become a member of the board that does not affect the general rule as to the rights and duties of a director. If the hostility assumes such a shape and goes to such an extent as to justify his removal from the office the law has provided a method by which that end can be accomplished, but, so long as he remains a director, he cannot be denied the rights appertaining to the office.

Order affirmed, with $10 costs and disbursements. All concur.

