(69 Misc. Rep. 70.)

PEOPLE ex rel. STAUFFER v. BONWIT BROS. et al.

(Supreme Court, Special Term, New York County. September, 1910.)

1. CORPORATIONS (§ 311*)—INSPECTION OF BOOKS—RIGHT OF DIRECTOR.

Where a third director applies for the right to examine corporate books, the other two directors of the corporation claiming to be only persons interested may not deny such right on the ground that he has no interest in the corporation, and is a mere dummy put forward by them because the statute required three directors.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1375½; Dec. Dig. § 311.*]

2. CORPORATIONS (§ 311*)—"INJUNCTION."

In an order to show cause why relator, a third director of a corporation, should not be permitted to examine the corporate books, a clause staying the defendants, the other directors, from removing relator from his position as director pending the proceeding, is not an "injunction," within General Corporation Law (Consol. Laws, c. 23) § 305, refusing an order to show cause without notice granted, nor does it suspend the ordinary business of the corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 311.*

For other definitions, see Words and Phrases, vol. 4, pp. 3610–3612; vol. 8, p. 7688.]

Action by the People, on the relation of Edward A. Stauffer, against Bonwit Bros. and others. Motion to examine books of a corporation granted.

Arthur B. Hyman, for relator.
Max D. Steuer, for respondents.

WHITNEY, J. Relator is secretary and a director of the defendant corporation. His right as such to examine its books is undisputed. People ex rel. McInnes v. Columbia Bag Co., 103 App. Div. 208, 92 N. Y. Supp. 1084; People ex rel. Leach v. Central Fish Co., 117 App. Div. 77, 101 N. Y. Supp. 1108; People ex rel. Grant v. Atlantic Terra Cotta Co., 196 N. Y. 523, 89 N. E. 1108. But the other two directors refused to allow him to exercise his right and took proceedings to call a special meeting of themselves as stockholders to amend the by-laws and remove him from office forthwith. No malfeasance on his part is charged. Their theory is that the corporation is a mere partnership in corporate form; that they own it, and he never has had any pecuniary interest in it; that he is a mere dummy, who has been put forward by them because the statute requires three directors; that in fact they are the corporation, and he is merely a means whereby, without benefit or protection for himself, they may escape personal liability for the risks of the business which they are carrying on. But they cannot be heard to say that they have created a dummy director for the purpose of enjoying a corporate asylum without dividing their real powers with the third person required by the statute to share them. Relator must be taken to be a real director, who has been incurring the real responsibilities and risks of that position, and is equal to either of his colleagues in directorial power and standing. For his own protection and that of the creditors, he is entitled to examine the books up to the time of his removal, and, if the removal be sudden, then I think that he should have opportunity for a reasonable time thereafter to do so. The order to show cause contains a clause staying defendants from removing him or amending the by-laws so as to permit his removal pending the final disposition of this application.

They ask for the immediate excision of this clause from the order, claiming that it violates section 305 of the general corporation law (Consol. Laws, c. 23), since the order to show cause was granted without notice to them. I think that there are two answers to this. First. The amendment of the by-laws and sudden decapitation of the secretary are not the general and ordinary business of the corporation, and a temporary restraint of these specific acts is not such a restraint from the performance of the duties of the majority directors as is contemplated by that section. So to rule would be going beyond even Wilkie v. Rochester & State Line R. Co., 12 Hun, 242, upon which they rely, and I doubt whether that case, which seems never to have been followed, is to be regarded as law. Second. This is not an injunction, and the section cited is therefore not applicable. I doubt whether such a stay clause in such an order has any efficacy whatever—whether relator could prevent his immediate removal otherwise than by beginning a suit in equity, giving the requisite undertaking and obtaining a temporary injunction in regular form. But for the reasons heretofore stated I do not think that it was necessary for him to procure such an injunction in order to obtain an inspection of the books.

Motion granted.