In the Matter of the Application of JACOB YALE WILKINS, Appellant, for a Peremptory Mandamus Order against M. ASCHER SILK CORPORATION and Others, Respondents.

First Department, November 30, 1923.

Corporations — inspection of books — mandamus by director to compel inspection — director has absolute right — motive of director no defense — petitioner not denied mandamus where stipulation made that ter-mination of his office should not prejudice his right.

A director has the absolute right to inspect the books and records of a corporation and it is no defense to a motion for a peremptory mandamus order to compel the corporation to permit inspection, that the director is hostile to the corpora-

tion and that his only object in seeking the examination is to further a claim which he has against the corporation.

The fact that after the proceedings were instituted to compel inspection the petitioner ceased to be a director does not justify the denial on appeal of the petitioner's motion, where it is stipulated that his rights on appeal shall not be prejudiced by the termination of or any change in his status.

APPEAL by the petitioner, Jacob Yale Wilkins, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of October, 1923, as denies his motion for a peremptory mandamus order directing the defendants to allow an inspection of the books and records of the defendant M. Ascher Silk Corporation.

*Eisman, Lee, Corn & Lewine* [*Joseph J. Corn* of counsel; *Bernard H. King* with him on the brief], for the appellant.

*Gilbert & Gilbert* [*A. S. Gilbert* of counsel; *Samuel Untermyer, Francis Gilbert* and *Jerome E. Malino* with him on the brief], for the respondents.

FINCH, J.:

The application was for a peremptory mandamus order directing the defendants to permit the relator to inspect and make copies of the books and records of the defendant corporation. The respondents urge that the relator is hostile to the corporation, being engaged in competition with it, and that his only object in seeking the examination in question is to further a claim which he has against the corporation. Even assuming that the facts sustain this contention of the respondents, nevertheless, when this proceeding was brought, the appellant was a director, and it has been stipulated by the attorneys for the respondents " that the relator's rights on appeal in this proceeding, as disclosed by the record, shall in no wise be prejudiced by the termination of or any change in the status of the relator in said corporation.   *   *   * "

For the purposes of this appeal, the appellant having to be considered a director of the corporation, he has an absolute right to examine the books of the corporation so long as he is a director. In other words, so long as the appellant remains a director, he is entitled to, and his duty is, to keep himself informed of the business of the corporation, irrespective of his motive. Otherwise the right of a director desiring to inspect would be dependent upon his being able to satisfy the other officers of the corporation that his motives were adequate. " If the hostility assumes such a shape and goes to such an extent as to justify his removal from the office, the law has provided a method by which that end can be accomplished,

but so long as he remains a director, he cannot be denied the rights appertaining to the office." (*People ex rel. Leach* v. *Central Fish Co.*, 117 App. Div. 77; *People ex rel. Poleti* v. *Poleti, Coda & Rebecchi, Inc.*, 193 id. 738.)

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for a peremptory mandamus order granted, with ten dollars costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice.