**In re BUSH TERMINAL CO.**

**VAN SICLEN et al. v. BUSH.**
Nos. 485–498.

Circuit Court of Appeals, Second Circuit.
July 15, 1935.

Lowell M. Birrell, of New York City (William H. Button and Charles A. Van Patten, both of New York City, of counsel), for appellant Bush.

Root, Clark, Buckner & Ballantine, of New York City (John M. Harlan, of New York City, of counsel), for trustees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

These appeals have been consolidated and will be considered in one opinion.

November 17, 1934, the debtor, which had previously been placed in equity receivership, had its petition for reorganization under section 77B of the Bankruptcy Act (48 Stat. 912 [11 USCA § 207]) approved by the District Court. Receivers who had served in the receivership proceeding were designated as trustees of the debtor. Appellant is the founder of the debtor corporation, its president, director, and largest stockholder. He obtained powers of attorney to vote, and with these and his own stock ownership, was placed in a position to exert control at any stockholders meeting which might be held. After the debtor's petition was approved, appellant filed a plan of reorganization; his previously proposed plan having been tabled by the debtor's board of directors. Appellant's plan is one of three which have been filed and for which a special master has been appointed to consider, with directions to report to the court.

Desiring to call a meeting of the stockholders for the purpose of electing a new board of directors, appellant applied to the District Court for an order directing the appellees to permit him to inspect the debtor's stock book and obtain therefrom a list of the stockholders. Appellees opposed, and the District Court denied the application, stating that a stockholders' meeting would tend to obstruct the debtor's reorganization. Thereupon appellant called a special meeting of the stockholders for the purpose of electing a new board of directors, a list of stockholders having been obtained from other sources. Appellees obtained an order to show cause praying for an injunction against the holding of a meeting of the stockholders and against the dissemination of allegedly false statements by the appellant. The latter injunction was denied, but the former was granted on condition that it might be vacated on motion for one of the several assigned reasons.

Appellant appeals from the order denying his application to examine the stock book and also from the order enjoining appellant from holding a stockholders' meeting. Both by statute of New York and common law, a stockholder has the right to examine the stock book of his corporation where such examination is sought for a valid purpose. Section 10, N. Y. Stock Corporation Law (Consol. Laws N. Y. c. 59); People v. Consolidated Nat. Bank, 105 App. Div. 409, 94 N. Y. S. 173. This right exists when the corporation is in bankruptcy. In re Sully, 152 F. 619 (C. C. A. 2). The appellant, as president and director of the debtor, had the right to examine the stock book of the corporation. Wilkins v. M. Ascher Silk Corporation, 207 App. Div. 168, 201 N. Y. S. 739, affirmed

237 N. Y. 574, 143 N. E. 748; People v. Central Fish Co., 117 App. Div. 77, 101 N. Y. S. 1108.

Section 77B, subsec. (c), cl. (4), of the Bankruptcy Act, 11 USCA § 207 (c) (4), provides that the judge in addition to the jurisdiction and powers elsewhere conferred upon him in this section, "may direct the debtor, or the trustee or trustees if appointed, to prepare (a) a list of all known bondholders and creditors of, or claimants against, the debtor or its property, and the amounts and character of their debts, claims, and securities, and the last known post-office address or place of business of each creditor or claimant, and (b) a list of the stockholders of each class of the debtor * * * which lists shall be open to the inspection of any creditor or stockholder of the debtor * * * or to the trustee or trustees, if appointed." While it was possible for Congress to limit, for proper reason, this right to examine the books, it has not done so. The court below believed that section 77B, subsec. (c) (4), 11 USCA § 207 (c) (4), did limit the stockholder's right of inspection. While this provision might be considered as merely giving a stockholder the right in addition to that which was his under the state statute and the common law, such would be a strained interpretation of the subdivision of the act. The natural and obvious meaning is that the statute gives the judge the power to deny the right to inspect upon circumstances which call forth the exercise of such discretionary refusal. The use of the word "may" indicates that the judge is given the power, but not the absolute duty, to permit inspection, and though that power would be ordinarily exercised, it seems to be contemplated by the statute that the judge may refuse to exercise it where its exertion would, for one reason or another, be detrimental or harmful to the process of reorganization. Such is not the case here. The district judge erred in denying the appellant's application for inspection, for no proper ground was shown for the exercise of such power. Appellant was a large stockholder of the debtor. He was the dominating influence as regards the action of a great number of other stockholders. He desired a list of stockholders so as to call a meeting of them and elect a new board of directors. It was the opinion of the District Court that a meeting to elect new directors would possibly interfere with appellees' management of the business, and

reasonably tend to obstruct a reorganization of the debtor. But, as here contended by the appellant, to refuse the stockholders free action in the matter of voting for directors may cause the stockholders to be represented by directors who did not truly represent them, and the stockholders are the real parties in interest. In re National Lock Co. (D. C.) 9 F. Supp. 432. It would seem to be proper for the purposes of section 77B, 11 USCA § 207, and the protection of the stockholders rights, that there be unrestricted communication between the stockholders. The court should not so restrict, by declining inspection of the list of stockholders, this freedom of action. The stockholders ought to be free to communicate with each other and express their opinions as to terms and conditions as to all matters pertaining to the interests of themselves as stockholders.

By section 77B, subsec. (c) (11), 11 USCA § 207 (c) (11), the debtor is given the right to be heard on all questions. Obviously, the stockholders should have the right to be adequately represented in the conduct of the debtor's affairs, especially in such an important matter as the reorganization of the debtor. Such representation can be obtained only by having as directors persons of their choice. By subsection (d), 11 USCA § 207 (d), the debtor is given the power to propose a plan of reorganization. No reason is advanced why stockholders, if they feel that the present board of directors is not acting in their interest, or has caused an unsatisfactory plan to be filed on behalf of the debtor, should not cause a new board to be elected which will act in conformance with the stockholders' wishes.

The court below expressed the opinion that should a new board of directors file a plan on behalf of the debtor and it conflicts with the one previously filed, confusion might arise. No fanciful "endless confusion," as stated below, should deprive stockholders of the right to be adequately represented by directors of their own selection. That appellant seeks to control the debtor is of no concern if he is in a position to obtain control. He obtained the right to such control by having control of more than a majority of the stock.

We held in Graselli Chemical Co. v. Ætna Explosives Co., 252 F. 456, under the particular circumstances there disclosed, that an injunction might be granted staying a stockholders meeting. There the

receivers, in the operation of the business, had made large profits and were able to pay all creditors and could have redeemed preferred stock outstanding. The preferred stock was not entitled to a vote, except upon a question of mortgaging the property, until a default in the payment of dividends on such stock for a period of eight months or more, in which case the preferred stock was entitled to vote. All dividends on preferred stock had been paid regularly until the appointment of the receivers. Prior to the date fixed for the annual meeting by the by-laws, there was a contest among the stockholders for control of the company by the election of a board of directors and submission of a plan of readjustment. The stay granted prevented any action at the meeting until thirty days after the termination of the receivership, subject to modification by the court. The right of preferred stockholders was but temporary, with every prospect of the common stockholders obtaining control of their corporation. We held that a court of equity should not lend its aid to or permit a group of preferred stockholders to elect a board which would permit a plan of readjustment to be adopted which might be contrary to the rights of the common stockholders. See In re Dressler Producing Corporation, 262 F. 257 (C. C. A. 2); Habirshaw Electric Cable Co. v. Habirshaw Electric Cable Co., Inc., 296 F. 875, 43 A. L. R. 1035 (C. C. A. 2); In re O'Gara Coal Co., 260 F. 742 (C. C. A. 7).

A court of equity or bankruptcy may enjoin any action which would tend to defeat or impair its jurisdiction. See Continental Illinois Nat. Bank & Trust Co. v. Chicago, Rock Island & Pacific Ry. Co., 55 S. Ct. 595, 79 L. Ed. 1110; section 2 (15) of the Bankruptcy Act, 11 USCA § 11 (15). This power in the court is extraordinary and should be exercised only where the harm, likely to flow from the stockholders' action, is more real than here, and disproportionate to the good obtainable. The corporation can act only through its board of directors elected by its stockholders. Regard for this has been had by the legislation resulting in section 77B, 11 USCA § 207. The board of directors of the corporation, having the right to submit a plan or participate in a reorganization plan, must necessarily have freedom of action for its consideration. If the right of stockholders to elect a board of directors should not be carefully guarded and protected, the statute giving the debtor a right to be heard or to propose a plan of reorganization

could not truly be exercised, for the board of directors is the representative of the stockholders.

The orders appealed from both affect the rights of the stockholders of the debtor in preventing the election of a new board of directors. They were improperly granted and are reversed.

Orders reversed.