In the Matter of the Application of EDWIN R. LAVIN, Appellant, for an Order Compelling the J. C. LAVIN Co., INC., by R. CRAIG LAVIN, Its President, to Permit an Inspection of Its Books and Papers.

J. C. LAVIN Co., INC., and R. CRAIG LAVIN, Respondents.

Second Department, May 25, 1942.

*Meyer Kraushaar*, for the appellant.

*Leo E. Sherman [Bertram L. Roberts* with him on the brief], for the respondents.

PER CURIAM. In a proceeding in the nature of mandamus, instituted pursuant to article 78 of the Civil Practice Act to compel the corporate respondent, a foreign corporation, and the individual respondent, its president, to permit appellant to examine and inspect corporate books and papers, and for other relief, an order was duly entered, upon a cross-motion of the respondents, granting their motion to dismiss the petition upon the ground that the court has no jurisdiction over the corporate respondent, a Connecticut corporation which has not been shown to do business in the State of New York within the meaning of that term, and which has no license to do business within this State.

Upon the conceded facts, the corporate respondent, although not licensed to do business in this State, is here with its officers, doing such business in that it is rendering services in this State in the management of the Sanford Hotel in Flushing, N. Y., not casually, but with a fair measure of continuity. It is doing business within the State and is present therein. (*Cochran Box & Mfg. Co., Inc.,*

v. *Monroe Binder Board Co.*, 232 N. Y. 503; *Johnson* v. *Pacific Steel Boiler Corporation*, 132 Misc. 735; *Meinhard, Greeff & Co.* v. *Higginbotham-B-L. Co.*, 262 App. Div. 122; *Siless* v. *Reading Maid Hosiery Mills, Inc.*, 242 id. 803; *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259.) The court is warranted in assuming jurisdiction under these circumstances, and it is its duty, in our opinion, to assume such jurisdiction. The appellant, as a director of the corporate respondent, has an absolute, as distinguished from a qualified, right to examine its books and papers. (*People ex rel. McInnes* v. *Columbia Bag Co.*, 103 App. Div. 208; *People ex rel. Leach* v. *Central Fish Co.*, 117 id. 77; *People ex rel. Bartels* v. *Borgstede*, 169 id. 421. Cf. *Matter of Bellman* v. *Standard Match Co.*, 208 id. 4.)

The order should be reversed on the law, with ten dollars costs and disbursements, and the respondents' cross-motion should be denied, with ten dollars costs, with leave to respondents to answer the petition, on payment of all costs awarded, within ten days from the entry of the order hereon.

LAZANSKY, P. J., CARSWELL, JOHNSTON, TAYLOR and CLOSE, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and the respondents' cross-motion denied, with ten dollars costs, with leave to respondents to answer the petition, on payment of all costs awarded, within ten days from the entry of the order hereon.