In the Matter of Jacques A. Davis, Respondent, against Keilsohn Offset Co. Inc., et al., Appellants.

First Department, June 7, 1948.

*Melvin A. Albert* for appellants.

*Simon S. Nessim* for respondent.

COHN, J. Since the organization of the appellant corporation in 1946, petitioner has been its treasurer and a member of the board of directors. As treasurer, the signature of petitioner is necessary to all checks issued by the corporation. Nevertheless, since October 1, 1947, petitioner has been denied access to the books and records of the corporation. Upon this motion for an order directing petitioner's codirectors, the president and vice-president of the corporation, to permit him to inspect the corporate books and records in their possession, it was urged that the purpose of the application was solely to hamper and embarrass the appellant corporation; that the corporation is presently suing petitioner-respondent for damages in the sum of $25,000 for breach of his fiduciary duty as an officer and director of the corporation predicated upon the fact that he has attempted to wreck the corporation for the benefit of a competitive corporation controlled by him, and that he has been given information of the corporate activities by the corporate accountant appointed by him.

Petitioner, as a director of the corporation, has an absolute right to the inspection demanded. All that he need show is that he is a director of the company, that he has demanded permission to examine and that his demand has been refused. It is the duty of petitioner to keep himself informed of the business of the corporation. To perform this duty intelligently he has the unqualified right to inspect its books and records. (*Matter of Wilkins* v. *Ascher Silk Corporation*, 207 App. Div. 168, affd. 237 N. Y. 574, reargument denied, 237 N. Y. 630; *People ex rel. McInnes* v. *Columbia Bag Co.*, 103 App. Div. 208; *Machen* v. *Machen & Mayer Electrical Mfg. Co.*, 237 Pa. 212.)

It is of no consequence that petitioner may be hostile to the corporation. His object in seeking the examination is immaterial. His right of inspection is not dependent upon his being able to satisfy other officers of the corporation that his motives are adequate. (*People ex rel. Leach* v. *Central Fish Co.*, 117 App. Div. 77, 80.) " ' If the hostility assumes such a shape and goes to such an extent as to justify his removal from the office, the law has provided a method by which that end can be accomplished, but so long as he remains a director, he cannot be denied the rights appertaining to the office.' " (*Matter of Wilkins* v. *Ascher Silk Corporation, supra,* p. 169.) It is conceded that petitioner was an officer and director of the corporation at the time this application was made and that his demand to inspect the books of the corporation met with a refusal. Accordingly, Special Term correctly decided that petitioner is entitled to an order directing respondents-appellants to permit a complete inspection of the books of the corporation.

As the order herein provides, upon such an inspection the petitioner may have the assistance of an accountant designated by him. An examination would in many cases be valueless unless the applicant were allowed the presence of an accountant. (*People ex rel. Poleti* v. *Poleti, Coda & Rebecchi, Inc.*, 193 App. Div. 738.)

The order should accordingly be affirmed, with $20 costs and disbursements.

CALLAHAN and VAN VOORHIS, JJ. (concurring). We concur in the result, and in the opinion of Justice COHN with the qualification that a person ought not to receive the aid of a court order for an inspection of the books and records of a corporation as a director, if it be established that he has disqualified himself from continuing to act in that fiduciary capacity toward the corporation. Where an action or proceeding is pending for the removal of such an individual as a director, which is not the case here, there may be instances where the discretion of the court should be exercised so as to stay the application to inspect the books and records until after the hearing and determination of the proceedings to remove him as a director.

GLENNON, J. P. and SHIENTAG, J., concur with COHN, J.; CALLAHAN and VAN VOORHIS, JJ., concur in opinion.

Order unanimously affirmed, with $20 costs and disbursements. Settle order on notice.