In the Matter of Samuel Cohen, Respondent, against Cocoline Products, Inc., et al., Appellants.

Argued April 28, 1955; decided July 8, 1955.

*Elliot A. Wysor* and *Leonard S. Halpert* for appellants. I. Respondent lost the right of a director to have an inspection of its books and records when he ceased to be a director of Coco-line. Thereafter, there was no longer any basis for the granting of the order under appeal. (*Matter of Overland* v. *Le Roy Foods,* 279 App. Div. 876, 304 N. Y. 573; *Matter of Cravatts* v. *Klozo Fastener Corp.,* 205 Misc. 781; *Strassburger* v. *Philadelphia Record Co.,* 335 Pa. 485; *Rohwer* v. *Gibson,* 126 Cal. App. 707; *People ex rel. Security Trust Co. of Rochester* v. *Treasurer of Co. of Monroe,* 121 App. Div. 84; *Traub* v. *Arrow*

*Mfg. Corp.,* 207 App. Div. 292; *Northern Pacific R. R.* v. *Dustin,* 142 U. S. 492; *Weber* v. *Zimmerman,* 23 Md. 45.) II. Respondent disqualified himself from asserting rights of his fiduciary office as director. He did not have the equitable power to make any demand for an inspection effective as the basis for a writ of mandamus. (*Matter of Davis* v. *Keilsohn Offset Co.,* 273 App. Div. 695; *Matter of Latimer* v. *Herzog Teleseme Co.,* 75 App. Div. 522; *Matter of Hitchcock,* 149 App. Div. 824; *People ex rel. Wood* v. *Board of Assessors & Collector of Taxes,* 137 N. Y. 201; *People ex rel. Pierce* v. *Sohmer,* 167 App. Div. 437; *People ex rel. Wilkins* v. *Ascher Silk Corp.,* 207 App. Div. 168, 237 N. Y. 574, 237 N. Y. 630; *Matter of Bellman* v. *Standard Match Co.,* 208 App. Div. 4; *Matter of Posen* v. *United Aircraft Products,* 201 Misc. 260; *Melup* v. *Rubber Corp. of America,* 181 Misc. 826.) III. Respondent's demand for inspection was not refused prior to the institution of this proceeding. A refusal is a necessary jurisdictional fact which must be proved before mandamus may issue. (*Matter of Wong Wah Yew* v. *Mun Hey Pub. Co.,* 275 N. Y. 615.) IV. The answer having raised factual issues relating to the effectiveness of the demand, and the absence of a refusal, at least required a trial thereof, and such issues could not be summarily determined by Special Term. (*Matter of Durr* v. *Paragon Trading Corp.,* 270 N. Y. 464; *Matter of Schulman* v. *Dejonge & Co.,* 270 App. Div. 147; *People ex rel. Pumpyansky* v. *Keating,* 168 N. Y. 390.)

*Charles Gottlieb* for respondent. I. The rulings below conformed to the principle of corporate practice enunciated by this court. The relief was granted while the applicant was still a director. (*People ex rel. McInnes* v. *Columbia Paper Bag Co.,* 103 App. Div. 208; *People ex rel. Leach* v. *Central Fish Co.,* 117 App. Div. 77; *People ex rel. Wilkins* v. *Ascher Silk Corp.,* 207 App. Div. 168, 237 N. Y. 574; *Matter of Hafter* v. *Eagle Fish Co.,* 296 N. Y. 808; *Matter of Overland* v. *Le Roy Foods,* 304 N. Y. 573.) II. The right to inspect was proper when it was granted. Subsequent events did not foreclose respondent's right to proceed with inspection — especially since the inspection was limited to the period of his tenure as director. (*Abrams* v. *Allen,* 297 N. Y. 52; *Hanover Nat. Bank* v. *American Dock & Trust Co.,* 148 N. Y. 612; *Logan* v. *Fidelity-Phœnix*

*Fire Ins. Co.,* 161 App. Div. 404.) III. The order below was properly granted because of appellants' failure to submit with their answer an affidavit showing evidentiary facts. (*Matter of Gardiner* v. *Harnett,* 168 Misc. 349, 255 App. Div. 106; *Matter of Clifford* v. *Seaman,* 278 App. Div. 667.)

FROESSEL, J. This is an article 78 proceeding, in the nature of mandamus, for an order compelling respondent corporation to permit petitioner Cohen to inspect its corporate books and records. At the time this proceeding was instituted, Cohen was a director of the corporation, and had been such continuously since its organization in 1940. He transferred his previously held stock in this corporation to his wife.

Cohen, who is an attorney, took an active part in organizing the corporation, acting as its financial and legal adviser. It is apparent from the papers presented on this appeal that the underlying dispute here is over an alleged unauthorized $25,000 salary now being drawn by the president, plus the cost and maintenance of an automobile for his use, on the one hand, and the reduced retainer and legal fees Cohen claims are due to him from the corporation, on the other. Moreover, Cohen makes additional charges of mismanagement, defalcations and misappropriation of corporate funds.

On November 29, 1954, Cohen sent a letter to Samuel Klein, president of and dominant figure in the corporation, charging him with misappropriating moneys of the corporation for automobiles and maintenance, and demanding that he restore said moneys. Cohen also requested information regarding expenditures for salaries, commissions and expenses over the past six years. Klein did not answer the letter, but called a special meeting of the board of directors for December 10, 1954.

At that meeting, Klein and one Collins voted, over Cohen's objection, to have a new board elected on December 20th. They also voted to postpone consideration of Cohen's charges until the new board was installed. At this December 10th meeting, Cohen demanded an inspection of the corporate books and records, but was refused. Cohen thereupon brought the instant proceeding to compel that inspection.

The case came on for hearing on December 20, 1954, the same day for which the stockholders' meeting was scheduled. At

about 12:30 P.M., following the hearing, Special Term ruled from the bench in petitioner's favor, and indorsed the moving papers as follows: '' Petitioner's motion to examine books and records of Cocoline Products, Inc., granted with accountant.'' However, no *order* was signed at that time.

Later that same day, the stockholders' meeting was held, and Cohen was not re-elected to his position as director. On the following day, by order to show cause, the corporation moved for leave to file a supplemental answer and for a '' re-hearing ''. Special Term granted this motion for '' reargument '', but, '' in view of the allegations made by the petitioner and the refusal of the officers of the corporation to allow him to inspect the corporate books '', he adhered to his original determination, notwithstanding that petitioner was '' no longer a director ''. Then, on January 18, 1955, the order appealed from, reciting the application for a '' rehearing '', and granting petitioner's motion to inspect the books and records, was made. The Appellate Division affirmed unanimously and without opinion, and our court granted leave to appeal.

In order properly to perform his directing duties, a corporate director must, of course, keep himself informed as to the policies, business and affairs of the corporation, and as to the acts of its officers. He owes a stewardship obligation to the corporation and its stockholders, and he may be subjected to liability for improper management during his term of office. Because of these positive duties and potential liabilities, the courts of this State have accorded to corporate directors an absolute, unqualified right, having its roots in the common law, to inspect their corporate books and records (*Matter of Overland* v. *Le Roy Foods,* 279 App. Div. 876, affd. 304 N. Y. 573; *Matter of Hafter* v. *Eagle Fish Co.,* 270 App. Div. 995, affd. 296 N. Y. 808; *People ex rel. Wilkins* v. *Ascher Silk Corp.,* 207 App. Div. 168, affd. 237 N. Y. 574, motion for reargument denied 237 N. Y. 630; *Matter of Davis* v. *Keilsohn Offset Co.,* 273 App. Div. 695; *People ex rel. Leach* v. *Central Fish Co.,* 117 App. Div. 77; *People ex rel. McInnes* v. *Columbia Bag Co.,* 103 App. Div. 208; *People ex rel. Muir* v. *Throop,* 12 Wend. 183; *People ex rel. Onderdonk* v. *Mott,* 1 How. Prac. 247).

But when a director is removed from office, even if this is done while his suit to compel inspection of the books and records is

pending before Special Term, his *absolute* right to such an inspection terminates forthwith (*Matter of Overland* v. *Le Roy Foods, supra; Matter of Hafter* v. *Eagle Fish Co., supra*). This is so manifestly because he no longer has a voice in governing the corporation, and consequently is under no further duty to keep himself informed either as to corporate business and policies or as to the acts of its officers. However, he still remains potentially liable for wrongful acts of the directors committed during his term of office.

Here Cohen claims (1) he may have " exposed himself to personal liability for what transpired during his term of office " (see *Abrams* v. *Allen,* 297 N. Y. 52, 55–56) ; (2) to that extent he is entitled to inspection ; and (3) he should not be obliged to " sit back and wait until someone sues him for dereliction of duty ".

*Stockholders* have long been granted a *qualified* right, resting in the trial court's discretion, to protect their financial interest in a corporation by inspecting its books and records (see *Matter of Steinway,* 159 N. Y. 250). *Directors,* while in office, must protect not only their own interests, but also those of the corporation and of the stockholders; consequently, as noted above, their right to inspect has been made *absolute.* While his duty to the corporation and to the stockholders ceases upon termination of his office, he may still have a personal responsibility interest to safeguard, the protection of which could very well inure to the benefit of the stockholders by a disclosure to them of any derelictions by other directors or officers. And this is more likely in the case, as here, of a director of long service who unexpectedly fails of re-election just at a time when he was about to undertake an investigation in his capacity as director.

It would seem to follow, then, that, although he has no *absolute* right, a discharged director may have a *qualified* right to inspect the corporate books and records covering a period of his directorship, whenever in the discretion of the trial court he can make a proper showing by appropriate evidence that such inspection is necessary to protect his personal responsibility interest as well as the interest of the stockholders.

In the instant case, however, Cohen was granted an order to inspect on the basis of the pleadings and affidavits only. The court so decided from the bench, and, after granting " reargument " — actually a rehearing since it considered the new

matter — it adhered to its former determination, embodying the whole proceeding in a single order. If this was done on the theory Cohen had an *absolute* right to inspect, it was clearly error, for Cohen ceased to be a director while the proceeding was still pending before the court (*Matter of Hafter* v. *Eagle Fish Co., supra; Matter of Overland* v. *Le Roy Foods, supra*). And if it was done in the exercise of discretion, it would also have been error, for the answering papers supplemented by the rehearing papers raise triable issues of fact as to the purpose for which Cohen has sought this inspection, which issues should have been resolved only after a hearing (Civ. Prac. Act, § 1295; see *Matter of Breswick & Co.* v. *Greater N. Y. Inds.*, 308 N. Y. 1041).

The order appealed from should be reversed, with costs in all courts to abide the event, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.

DESMOND, J. (dissenting). I, too, am for reversal, but I oppose remission of the proceeding to Special Term for the exercise of discretion. Under settled rules and our own decisions, there is no power in any court to grant, to one who, like petitioner, is neither a director nor a stockholder of a corporation, an inspection of the corporate books. The applicable rule is so old, simple, and well known that we have no choice but to follow it, and to order this petition dismissed on the law.

Ever since *People ex rel. Muir* v. *Throop* (12 Wend. 183, 185, 187 [1834]) and *People ex rel. Onderdonk* v. *Mott* (1 How. Prac. 247 [1845]), it has been settled in this State, as it is elsewhere (see *Machen* v. *Machen & Mayer Elec. Mfg. Co.*, 237 Pa. 212), that a director has an absolute and unqualified right to inspect the corporation's books and records. But it is settled, too, that such right is an incident of the office of director to help the incumbent carry out his duty of " directing " the corporation's affairs (*People ex rel. Leach* v. *Central Fish Co.*, 117 App. Div. 77, 80; *People ex rel. Wilkins* v. *Ascher Silk Corp.*, 207 App. Div. 168, affd. 237 N. Y. 574, note 15 A. L. R. 2d 41). Since he cannot perform those duties without knowledge of the company's affairs, he must have free access to the books (*People ex rel. McInnes* v. *Columbia Bag Co.*, 103 App. Div. 208). Accordingly,

so long as he is a director (see *McInnes* and *Machen* cases, *supra*) his exercise of the right of inspection cannot be challenged. Likewise, of course, the absolute right ceases absolutely when his term of office ends, however abruptly and for whatever reason (*Matter of Hafter* v. *Eagle Fish Co.*, 296 N. Y. 808; *Matter of Overland* v. *Le Roy Foods*, 304 N. Y. 573). One who is a director must be given his inspection, regardless of bad motives (see *Machen* and *McInnes* cases, *supra*) and, by the same reasoning, one who has ceased to be a director cannot be granted such relief, no matter how pure his motives. A director has an absolute right so long as he holds office. A stockholder has a qualified right so long as he holds stock (*Matter of Steinway*, 159 N. Y. 250). Since petitioner is neither a director nor a stockholder, he has no rights at all, as to inspection. A holding that inspection of corporate books by a discharged director may be ordered in the discretion of the courts, is without precedent, unnecessary and in conflict with all the previous decisions, especially *Hafter* and *Overland* (*supra*).

The order should be reversed and the proceeding dismissed, with costs in all courts.

CONWAY, Ch. J., VAN VOORHIS and BURKE, JJ., concur with FROESSEL, J.; DESMOND, J., dissents in part in an opinion in which DYE and FULD, JJ., concur.

Order reversed, etc.