Matthew M. Levy, J.
Petitioner seeks an order compelling respondent, a Delaware corporation of which petitioner is a director, to allow him and his representatives to examine respondent’s stock books and stock records, to make extracts therefrom or copies thereof, and to direct respondent to furnish petitioner, at petitioner’s expense, a certified copy of the stockholders’ list of the corporation. The respondent has cross-moved to dismiss the petition as a matter of law. Respondent’s application has been grounded on the contention that the petition “ fails to state facts sufficient to entitle Petitioner to the relief sought in his petition and that this Court has no jurisdiction to grant the relief sought herein ”.
The basis for the first ground, as argued by respondent, is that there has been no refusal by it to comply with petitioner’s demand (Matter of Davis v. Keilsohn Offset Co., 273 App. Div. 695; Matter of Smith v. Republic Pictures Corp., 144 N. Y. S. 2d 142, affd. 286 App. Div. 1000, motion for leave to appeal to the Court of Appeals denied 286 App. Div. 1089). However, it is alleged in the petition that a request was made by letter directed to respondent’s secretary that petitioner be sent a complete list of stockholders. The response was that the matter will be brought to the attention of the board of directors at its next meeting. The board met and this item was on its agenda, but no action was taken. In my view, inaction for the period here involved — September 13 to November 18, 1957 — is refusal enough (People ex rel. Miles v. Montreal & Boston Copper Co., 40 Misc. 282; cf. People ex rel. Muir v. Throop, 12 Wend. 183).
*784 The basis for the second ground — that the court is without jurisdiction — is nowhere stated by respondent in its notice of motion or in its several memoranda. I myself can conceive of none, in view of the allegations contained in paragraph “ 2 ” of the petition — that respondent (although a Delaware corporation) has an office in New York City, that its stock is listed and traded on a stock exchange in New York City, that its sole agent for the transfer of its stock is located in New York City, that the sole registrar for its stock is located in New York City, and that in the last year and more most of its directors’ meetings have been held in New York City (see Matter of Newmark v. C. & C. Super Corp., 3 A D 2d 823, affd. 3 N Y 2d 790; Matter of Lavin v. J. C. Lavin Co., 264 App. Div. 205).
The cross motion to dismiss is denied, with leave to respondent to answer the petition within five days after service of the copy of the order hereon with notice of entry.