Aron Steuer, J.
In 1956 respondent corporation made a contract with several affiliated corporations. As a part of that contract these corporations were given the right to nominate a director on respondent’s board. Petitioner was the director so nominated and elected. Differences arose between the parties to, the contract and resulted in litigation. In that litigation petitioner co-operated with the other corporations. Respondent called attention to his equivocal position. He then brought this proceeding to inspect respondent’s books and records. Before the return date a special meeting of the stockholders ousted petitioner as a director.
Petitioner maintains that he still has a right to examine the books, claiming that, even if his ouster was legal, a former director may still examine the books for the period that he was a director. There is such a qualified right but it is limited to the situation where the former director’s conduct has been called into question and the inspection is needed to prepare his defense (Matter of Cohen v. Cocoline Prods., 309 N. Y. 119). No such need is shown here except the possibility that there may be a stockholder’s suit and in it petitioner’s stewardship may be challenged. That possibility exists with regard to every director of every corporation. There is not the slightest evidence that such an action is imminent or even contemplated. Under such circumstances granting an inspection would be a gross abuse of discretion.
But it is further claimed that petitioner’s ouster is illegal and that he is still a de jure director. This may or may not be true. It would depend on many facts including the by-laws of the corporation, any special provisions arising from the peculiar position of petitioner in relation to the corporation, whether petitioner waived any irregularities and the like. Such issues, unless the facts are admitted cannot be summarily disposed of in a collateral proceeding. If petitioner desires to contest his ouster (or amotion, the correct technical term, see Matter of Koch, 257 N. Y. 318, 321), he may do so in proceeding brought for that purpose where the issues may be properly framed and determined. If successful he may then get the inspection he seeks.
Motion denied.