Benedict D. Dineen, J.
The petitioner, a director of the two corporate respondents, seeks an inspection and examination of the books, records, papers and documents of the corporations. Such inspection and examination is alleged to be necessary for the petitioner to keep informed of the business of the corporations so that he may properly perform his duties as a director. The respondents deny that the petitioner’s request has been refused but attribute ulterior motives in that the request is not made in good faith and is made solely for the purpose of enabling a stockholder, engaged in litigation with the corporations and who was responsible for petitioner’s election as a director, to acquire necessary information to be used against the corporate respondents. In that connection, it is to be noted that the petitioner herein is represented by the same attorneys who represent the stockholder in the litigation now pending. However, mere suspicion alone is not sufficient to overcome what appears to be a use for a legitimate purpose. A director while continuing to serve as such is entitled to exercise his rights in connection therewith, and that is to keep informed of the corporate business in order to be able to faithfully carry out his duties. Petitioner’s hostility or object in seeking the examination is immaterial and he need not satisfy the other directors that his motives are adequate (People ex rel. Leach v. Central Fish Co., 117 App. Div. 77; Matter of Davis v. Keilsohn Offset Co., 273 App. Div. 695). The petitioner is an attorney and prior to his elevation to a directorship was an employee and familiar with the business of the corporations, and as such there appears to be no apparent need for an attorney to be present at the examination. The corporations are alleged to be going concerns doing a large volume of business and consequently their books and accounts would be more readily understandable by an accountant. With this limitation the motion for an examination by the petitioner and his accountant is granted. Such examination to take place at the main office of the corporate defendants on a day and time to be agreed upon, otherwise on March 24, 1958, at 10:00 a.m.