Thomas A. Aurelio, J.
Various defendants, by several motions, have moved for multiple relief. This is a derivative suit brought by the plaintiff as a director. By two of the motions, relief is sought pursuant to sections 82 and 98 of the Civil Practice Act and subdivision 2 of rule 107 of the Rules of Civil Practice. Plaintiff has failed of re-election and it is, *394 therefore, contended that the action abates and that plaintiff has not legal capacity to sue.
There has been some confusion upon the point in the decided cases. No case in the Court of Appeals is cited save Matter of Cohen v. Cocoline Prods. (309 N. Y. 119). While that was an application by a director for inspection, nevertheless, the opinion of the Court of Appeals appears to be controlling here. In the course of that proceeding, the petitioner there had lost his status as a director. Desmond, J., dissenting, was of the view that since the petitioner was neither a director nor a stockholder he had no rights at all as to inspection. Froessel, J., writing the prevailing opinion, stated (pp. 123-124):
‘ ‘ He owes a stewardship obligation to the corporation and its stockholders, and he may be subjected to liability for improper management during his term of office. * *
‘ ‘ But when a director is removed from office, even if this is done while his suit to compel inspection of the books and records is pending before Special Term, his absolute right to such an inspection terminates * * * This is so manifestly because he no longer has a voice in governing the corporation, and consequently is under no further duty to keep himself informed either as to corporate business and policies or as to the acts of its officers. However, he still remains potentially liable for wrongful acts of the directors committed during his term of office.
“Here Cohen claims (1) he may have ‘ exposed himself to personal liability for what transpired during his term of office ’ * * * (2) to that extent he is entitled to inspection; and (3) he should not be obligated to ‘ sit back and wait until someone sues him for dereliction of duty ’. “ * * * While his duty to the corporation and to the stockholders ceases upon termination of his office, he may still have a personal responsibility interest to safeguard, the protection of which could very well inure to the benefit of the stockholders by a disclosure to them of any derelictions by other directors or officers.” (Emphasis supplied.)
Thus, the limited right of the ex-director as contrasted to his absolute right as a director must be taken to be the measure of the ex-director’s right of action. He is not, and should no longer be, accorded the position generally to protect the interests of the corporation and of the stockholders, save by making the protective disclosure of the wrongdoing on the part of others to the stockholders as enabling basis of action.
Motions are accordingly granted and the complaint is dismissed.
Settle order.
*395 (Motion for reargument.)
The letters of May 28, 29,1958 and June 2,1958, are considered on this application for reargument.
In Manix v. Fantl (209 App. Div. 756, 759) the court had stated “ As the action is for the benefit of the corporation, it should not abate on account of the mere fact that other directors succeed, by trick or otherwise, in defeating the plaintiff director for re-election. Such a construction of the statute would often render it practically ineffectual.” However, the additional question of status was raised in Smith v. Industrial Acceptance Corp. (265 App. Div. 931) where the court stated: “ The cause of action belongs to the corporation and is not abated, but on this record Special Term’s declaration of the status of the preferred stockholder plaintiffs was premature and should await determination after disclosure of the facts at trial The court concludes that Matter of Cohen v. Cocoline Prods. (309 N. Y. 119) remains controlling.
That, too, involved the status of a director and emphasized his function in protection of the corporation and of the stockholders. There is no reason why a director, as in the case of a stockholder, should not lose status upon removal. Protection then lies elsewhere as indicated in the Cohen case. This plaintiff remains a stockholder. Action by him as a stockholder may not be maintained because of the time of acquisition of his stock and further stockholder’s suits have been stayed. His protective function has been spent save as it remains only in a limited right of inspection and thereby to inform the stockholders of any wrongdoing.
The motion is denied.