William R. Brennan, Jr., J.
The petitioner, an employee of the respondent corporation since 1940, became secretary of the corporation in 1953, a director in 1955, and a stockholder in 1957. As one of three stockholders, she now owns 10 shares of the 295 issued and outstanding shares, 10 being owned by the *416 respondent Marcucci, an officer and director, and 275 by the respondent Eainey who is also an officer and director. Now threatened with removal as a director and haring been informed that her employment has been terminated, the petitioner seeks an order requiring respondents to submit to her for inspection the account books, stock certificate books, stock transfer books, by-laws, other books of account, tax returns and other records of the corporation. A special meeting of stockholders which has been called to act upon the proposal for the removal of the petitioner as director has been stayed.
The petitioner, in addition to pro forma allegations establishing the above facts which are not in dispute, alleges mismanagement of corporate affairs by her co-officers and directors, waste, illegal appropriation of funds, improper preparation of tax returns and other corporate wrongs. As one of the grounds for inspection, the petitioner urges the necessity to avoid detriment to herself as a stockholder and to prepare for the defense of her actions and conduct as a director and officer of the corporation in proceedings which may hereafter ensue.
The right of the petitioner as a director and officer to the inspection she seeks is clear. In Matter of Cohen v. Cocoline Prods. (309 N. Y. 119, 123) the court said: “ In order properly to perform his directing duties, a corporate director must, of course, keep himself informed as to the policies, business and affairs of the corporation, and as to the acts of its officers. He owes a stewardship obligation to the corporation and its stockholders, and he may be subjected to liability for improper management during his term of office. Because of these positive duties and potential liabilities, the courts of this State have accorded to corporate directors an absolute, unqualified right, having its roots in the common law, to inspect their corporate books and records (Matter of Overland v. Le Roy Foods, 279 App. Div. 876, affd. 304 N. Y. 573 ; Matter of Hafter v. Eagle Fish Co., 270 App. Div. 995, affd. 296 N. Y. 808 ; People ex rel. Wilkins v. Ascher Silk Corp., 207 App. Div. 168, affd. 237 N. Y. 574, motion for reargument denied 237 N. Y. 630 ; Matter of Davis v. Keilsohn Offset Co., 273 App. Div. 695 ; People ex rel. Leach v. Central Fish Co., 117 App. Div. 77; People ex rel. McInnes v. Columbia Bag Co., 103 App. Div. 208 ; People ex rel. Muir v. Throop, 12 Wend. 183 ; People ex rel. Onderdonk v. Mott, 1 How. Prac. 247).” (See, also, Matter of Newmark v. C & C Super Corp., 4 Misc 2d 693, 696, affd. as mod. 3 A D 2d 823, affd. 3 N Y 2d 790 ; Smith v. Republic Pictures Corp., 144 N. Y. S. 2d 142, 144, affd. 286 App. Div. 1000 ; Matter of Rubin v. Oboler, *417 285 App. Div. 953 ; Matter of Teperman v. Atcos Baths, 7 A D 2d 856.)
.Even were the meeting of stockholders to be held and the petitioner removed from office as a director and thereafter be forced out as secretary, thus terminating the absolute right to the inspection which the petitioner presently enjoys (Matter of Cohen v. Cocoline Prods., supra, pp. 123, 124), she would still remain potentially liable for wrongful acts of the directors committed during her term of office, and would also continue to remain liable for any misconduct as an officer. Petitioner also has rights stemming from her position as a stockholder. The language of the Cohen case in this situation becomes particularly appropriate, for the court there pointed out (309 N. Y. 119, 124) :
“ Stockholders have long been granted a qualified right, resting in the trial court’s discretion, to protect their financial interest in a corporation by inspecting its books and records (see Matter of Steinway, 159 N. Y. 250). Birectors, while in office, must protect not only their own interests, but also those of the corporation and of the stockholders; consequently, as noted above, their right to inspect has been made absolute. While his duty to the corporation and to the stockholders ceases upon termination of his office, he may still have a personal responsibility interest to safeguard, the protection of which could very well inure to the benefit of the stockholders by a disclosure to them of any derelictions by other directors or officers. And this is more likely in the case, as here, of a director of long service who unexpectedly fails of re-election just at a time when he was about to undertake an investigation in his capacity as director.
“ It would seem to follow, then, that, although he has no absolute right, a discharged director may have a qualified, right, to inspect the corporate books and records covering a period of his directorship, whenever in the discretion of the trial court he can make a proper showing by appropriate evidence that such inspection is necessary to protect his personal responsibility interest as well as the interest of the stockholders.”
(See, also, Matter of Durr v. Paragon Trading Corp., 270 N. Y. 464, 471.)
Accordingly, the petition is granted both as a matter of law and in the exercise of discretion, and an inspection will be granted. The examination will be limited to the records involved commencing June 25, 1953, when petitioner became secretary, except that examination of the by-laws will be permitted from the inception of the corporation. Inspection of minutes will be *418 allowed of both minutes of stockholders’ meetings and minutes of directors’ meetings. Examination of books of account will be limited to so much thereof as may be necessary to verify reports made in income tax returns. Petitioner may have her attorney and accountant present at the examination hereby ordered and may make extracts from and copies of such records as she is hereby permitted to examine. (Matter of Williams v. Williams-McWilliams Inds., 9 Misc 2d 782, 783 ; Henry v. Babcock & Wilcox Co., 196 N. Y. 302, 306.)