Nathaniel T. Helman, J.
This application to inspect the books and records of respondent corporation was originally returnable on September 22,1961. The application was made by a then member of the board of directors, who was also an officer and stockholder. The motion was granted on default. The petitioner and his attorney and accountant were granted permission to examine the books and records but the extent to which examination was permitted and the inadequacy of the records which were produced were claimed by petitioner to be insufficient for his purpose.
A motion to punish for contempt and a cross motion to vacate the default were made, both returnable on December 22, 1961. The cross motion to vacate the default was granted, and the original motion returned to the calendar for January 25, 1962. There followed three adjournments to the present motion date, February 14, 1962.
In its amended answer and by way of affirmative defense, supported by the answering affidavit of Ottmar Eckert it is claimed that the petitioner was not re-elected as a director at a stockholders ’ meeting which was held on January 20, 1962. It also appears from the affidavit of petitioner dated December 18, 1961 that he was removed as the secretary-treasurer on or about November 18, 1961.
Because of the present status of petitioner as a former director who failed of re-election, respondents urge that petitioner’s privilege of inspection as a director terminated (Matter of Overland v. Le Roy Foods, 304 N. Y. 573). However, under the case of Matter of Cohen v. Cocoline Prods. (309 N. Y. 119) the former director has a qualified right to inspect the corporate books and records covering a period of his directorship.
In view of the fact that respondents allowed a partial inspection while petitioner was still in office as a director, it cannot be said that the continuing request for additional inspection and production of all books covering the period when petitioner served as a director is undue harassment simply because he was *67 subsequently removed as a director. But for respondents’ default, the inspection would have been completed.
Under the facts and circumstances stated herein, and in exercise of its discretion and no triable issue of facts as to the purpose for which the petitioner has sought the inspection having been submitted, the motion is granted to the extent of directing such inspection of records up to and including the day when petitioner’s status as a director of the corporation, terminated.
The court has not given consideration to petitioner’s right under the stockholders’ agreement between the parties dated July 3,1956, and particularly to the question whether the broad language of paragraph 4 empowered petitioner to demand a permanent status as director so long as he was a stockholder of the corporation. On this aspect, petitioner is left to any further or additional relief under a separate proceeding or action as he may deem in his best interest.