Matter of DiBella v Board of Directors of Half Moon Bay Homeowners Assn., Inc. (2025 NY Slip Op 00444)

Matter of DiBella v Board of Directors of Half Moon Bay Homeowners Assn., Inc.

2025 NY Slip Op 00444

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-05872
 (Index No. 57822/22)

[*1]In the Matter of Maria Elena DiBella, etc., appellant, 
v
Board of Directors of Half Moon Bay Homeowners Association, Inc., etc., et al., respondents.

Kitson & Schuyler P.C., Croton-on-Hudson, NY (Peter Schuyler and Roseann Kitson Schuyler of counsel), for appellant.
The LaGumina Law Firm, PLLC, Purchase, NY (Sharon A. Reich of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding, inter alia, pursuant to CPLR article 78 in the nature of mandamus to compel the production of certain books and records and action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Robert A. Neary, J.), entered June 24, 2022. The order and judgment, insofar as appealed from, granted those branches of the motion of the respondents/defendants which were pursuant to CPLR 3211(a) to dismiss the first, third, and fourth causes of action in the amended petition/complaint and, in effect, dismissed those causes of action.
ORDERED that the order and judgment is modified, on the law, by deleting the provisions thereof granting that branch of the motion of the respondents/defendants which was pursuant to CPLR 3211(a) to dismiss the first cause of action in the amended petition/complaint and dismissing that cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, the first cause of action is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for severance of that cause of action and further proceedings on that cause of action.
The petitioner/plaintiff (hereinafter the petitioner) is a member of the respondent/defendant Board of Directors of Half Moon Bay Homeowners Association, Inc. (hereinafter the Board). The petitioner, on behalf of herself and as trustee of a particular trust, commenced this hybrid proceeding, inter alia, pursuant to CPLR article 78 in the nature of mandamus to compel the production of certain books and records of the Board and action for declaratory relief. Prior to answering, the Board and the other respondents/defendants (hereinafter collectively the respondents) moved pursuant to CPLR 3211(a) to dismiss the amended petition/complaint. The petitioner opposed the motion. By order and judgment entered June 24, 2022, the Supreme Court, among other things, granted those branches of the respondents' motion which were to dismiss the first, third, and fourth causes of action and, in effect, dismissed those causes of action. The petitioner appeals.
To perform his or her directing duties, a corporate director, who may be subjected to liability for improper management during his or her term of office, must keep himself or herself [*2]informed as to the policies and business affairs of the corporation and the acts of its officers (see Matter of Cohen v Cocoline Prods., 309 NY 119, 123). "Because of these positive duties and potential liabilities, the courts of this State have accorded to corporate directors an absolute, unqualified right, having its roots in the common law, to inspect their corporate books and records" (id.). Since the board members of a condominium have a fiduciary duty to the condominium and the individual unit owners similar to the duty owed by a corporate director to the corporation, the board members likewise have an absolute, unqualified right to inspect the books and records of the condominium association (see Board of Mgrs. of Fairways at N. Hills Condominium v Fairway at N. Hills, 193 AD2d 322, 324-325).
Here, the petitioner, as a member of the Board, made several requests to inspect the Board's books and records. While certain documents were produced, the respondents either failed to respond to the petitioner's requests for certain other documents or denied those requests on the ground that they did not pertain to the Board's books and records. Contrary to the determination of the Supreme Court, the respondents failed to establish that the petitioner was challenging determinations of the Board that were "not final" or that could "be adequately reviewed by appeal . . . to some . . . body or officer" (CPLR 7801[1]). Further, factual disputes exist regarding the scope of documents already provided and the petitioner's entitlement to certain other documents (see Matter of Cohen v Cocoline Prods., 309 NY at 125; Frankel v Board of Mgrs. of the Cent. Park W. Condominium, 177 AD3d 465, 465). Accordingly, the court should have denied that branch of the respondents' motion which was to dismiss the first cause of action, which sought relief pursuant to CPLR article 78.
The petitioner's remaining contentions are without merit.
DUFFY, J.P., MILLER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court